# BRITISH AND FOREIGN MARINE INSURANCE COMPANY *vs.* WILLIAM P. CUMMINGS.

*Automobile Insurance—Misrepresentation as to Year of Manufacture—Pleading.*

The application for insurance on an automobile stated that it was built in the year 1907 by a certain company. The machine was examined by the agent of the insurer, who approved the application, and a policy was issued. After the destruction by fire of the machine, the insurer alleged that it was not liable, because the machine was built in 1906, and upon machines made in that year the premium charged was higher, and the amount of insurance allowed was less, than upon those built in 1907. In making the representation as to the year the insured acted in good faith, upon information given to him by the vendor. An inspection of the machine would not disclose the year in which it was made, but the number of it, taken in connection with the rules and catalogues of the manufacturing company, would have shown that it was made in 1906. *Held,* that the representation by the insured as to the year of manufacture made in his application was not a warranty, but related to a fact which was not especially within his knowledge; that this fact could and ought to have been ascertained by the agent of the insurer upon his examination, and that consequently this misrepresentation is not a bar to recovery on the policy.

A ruling by the trial Court sustaining a demurrer to a special plea which ought to have been overruled is not a reversible error when the facts relied on in the special plea were afterwards admitted in evidence under the general issue plea.

Facts that a defendant may rely on under a common law plea should not be pleaded by way of defense on equitable grounds.

*Decided June 22nd, 1910.*

Md.] .

Appeal from the Court of Common Pleas of Baltimore City (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*John J. Donaldson* (with whom was *Milton Roberts* on the brief), for the appellant.

*Myer Rosenbush,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an action in assumpsit brought by the appellee, William P. Cummings, against the appellant, the British and Foreign Marine Insurance Company, Limited, of Liverpool, to recover the loss suffered by the appellee in the burning of his automobile insured by the appellant company.

Early in February, 1909, the appellee (plaintiff below) bought a second-hand automobile, a Pope-Toledo touring car, from the Motor Car Company. Shortly after its purchase, the appellee, through his secretary, Thomas B. Webster, made application to the appellant company for insurance on this machine. The application has appended thereto the name of the plaintiff, placed there by his agent, Webster, and that part thereof which attempts to describe the machine, is as follows:

"*Manufacturers' No.* 2048. *Type of car, touring.*
*Built in year* 1907 *by Pope Toledo Co.*
Number and types of extra bodies, if any. No.
Motive power? Gasoline. If gasoline, number of cylinders, 4.
Horse power: 30-35. Age and original cost, ..........
Present value, $1.500.00. Is this a second-hand car? ........
If so, give amount paid and date of purchase, ........
Motor number, .... Car number, .... Special number ....
Form—Regular and clause C.
Term—1 Year 2/13/09."

It will be observed that this description contains the manufacturer's number, type of car, year when and by whom built, its motive power, number of cylinders, horse power, and present value. It fails to state, however, its original cost, whether or not it is a new or second-hand car, and the amount paid for it at the time of its purchase by the assured; it likewise omits the motor number, car number and special number.

Upon the submission of this application to the company, it was by them submitted to one of their employees, specially versed in machinery and property of this character, for his approval, and the policy of insurance upon this machine for the amount applied for, was, on the 16th day of February, 1909, issued by the appellant company to the appellee, and the premium therefor paid by the appellee to the appellant company.

On the 24th day of April, 1909, the machine was practically destroyed by fire, and thereafter the appellee presented formal proofs of loss to the company, but the company declined to pay on the ground of misrepresentation in the application, and sent to the appellee their check for sixty dollars, representing the amount of premium on policy that had been hitherto paid by the appellee. This check, however, was not accepted by the appellee, but through his attorneys was returned to the company.

The alleged misrepresentation upon which the appellant company declined to pay the loss suffered by the appellee in the destruction of his property by fire, consisted of a statement therein that the machine was built in the year 1907, when after the fire it was discovered, as alleged by the appellant company, to have been built in 1906. No point was made by the company as to the omission or failure of the applicant, the appellee, to fill in the blanks contained therein giving information as to the age and original cost of the machine, or whether it was a second-hand or new one, or the

amount at which the applicant for the policy had so recently purchased this machine.

The declaration contained the common money counts and one special count. To this declaration the defendant pleaded never indebted and never promised as alleged, and later, by leave of Court, an equitable plea. To the equitable plea the plaintiff demurred and the Court below sustained the demurrer. The defendant then by leave of Court, filed an additional plea as a legal defense, containing practically the same facts alleged in the equitable plea. This plea was as follows:

"That the said William P. Cummings induced the defendant to issue the policy of insurance in the declaration mentioned by falsely and fraudulently representing to the defendant, at the time of his application for issuance of said policy, that said automobile was of *a 1907 model* of the Pope-Toledo (touring), whereas the said automobile was not of a 1907 model, but was of a 1906 model of said make, on which automobiles the rate of insurance is higher and the amount of insurance less than on those of a 1907 model."

To this plea the defendant likewise demurred and the Court below sustained the demurrer. Upon joinder of issue, the case was tried before a jury, which resulted in a verdict for the plaintiff in the sum of $1,430.00. During the trial four bills of exception were reserved by the defendant, three to the rulings of the Court upon the admission of testimony, and one upon its rulings on the prayers.

The ground upon which the demurrer to the special plea, given above, was sustained is not disclosed by the record, but the appellee in his brief contends that the plea is defective because it amounts to the general issue plea. The appellee is wrong in this contention as the plea does not amount to the general issue plea, and if, for this reason, the Court sustained the demurrer, then, in our opinion it committed an error in so doing, but not a reversible error, inasmuch as the defendant under the general issue plea was

thereafter permitted to offer in evidence all the facts pleaded in their special plea. The demurrer to the equitable plea was properly sustained, as the facts therein could have been pleaded at law, and this being true a plea by way of equitable defense containing such facts is bad. *Flack* v. *Barlow,* 110 Md. 159. Moreover, these facts do not show a case where a Court of Equity would restrain the execution of the judgment and therefore cannot be pleaded in an equitable plea. *Urner* v. *Sollenberger,* 89 Md. 337.

In the trial of the case F. H. Longfellow, the insurance agent or broker who placed this insurance, was called to the stand by the defendant and in the course of his examination was asked, "What difference in the rate would it have made had the representation as to the make of that machine been 1906?" To which he replied, "I would have submitted the application to the company. I had no authority to quote insurance for a 1906 machine." He was then asked, "Had you any authority to fix the amount?" Ans. "None whatever; no, sir." Plaintiff's counsel moved that the last question and answer be stricken out, whereupon the Court struck out the question and answer. To this ruling of the Court the defendant excepted.

The other two exceptions to the ruling of the Court on admission of testimony, were taken to the exclusion of two questions propounded to Maurice Smith, an employee of the defendant, the person who approved the application for insurance. He was first asked, "What would have been your judgment on the 1906 model as to the amount of insurance you would have allowed had the representation been that this machine was a 1906 model?" The second question asked was, "If the representation had been made in the application for 1906 model Pope-Toledo touring car, please state whether you would have approved the application for $1,500 of insurance?"

At the conclusion of the evidence the plaintiff offered the following prayer, which was granted by the Court.

*Plaintiff's 1st Prayer.*—The jury are instructed that if they find from the evidence that the defendant issued to the plaintiff the policy of insurance offered in evidence, and if they shall further find that during the life of said policy the automobile insured by said policy was totally destroyed by fire, and if they shall further find that the plaintiff complied with all the provisions of said policy on his part required to be performed, then the verdict of the jury must be in favor of the plaintiff.

The four following prayers were offered by the defendant, all of which were rejected by the Court:

*Defendant's 1st Prayer.*—The defendant prays the Court to rule as a matter of law that the representation made by the plaintiff in his application for the policy of insurance testified to in this case, that the automobile insured was a Pope-Toledo (touring) 1907 model, and it appears from the uncontradicted evidence offered in this case that said automobile was a Pope-Toledo (touring) 1906 model, that the said representation so made in the said application was a misrepresentation of a fact material to the risk assumed by the defendant, and that the policy of insurance issued by the defendant is thereby rendered void.

*Defendant's 2nd Prayer.*—The defendant prays the Court to instruct the jury that if they find from the uncontradicted evidence that the automobile insured under the policy of insurance testified to in this case was of a 1906 model, and not of a 1907 model Pope-Toledo (touring) as represented in the application for said insurance, said representation was untrue and fraudulent and was a misrepresentation of a fact material to the risk, and that their verdict must be for the defendant.

*Defendant's 3rd Prayer.*—The defendant prays the Court to instruct the jury that if they find from the uncontradicted evidence in this case, that the plaintiff misrepresented the automobile insured under the policy testified to be of a 1907 model Pope-Toledo (touring), and thereby secured

greater insurance and a rate of insurance lower than if he had disclosed the fact that said automobile was of a 1906 model, and if they further find that said fact was unknown to the defendant, then their verdict must be for the defendant.

*Defendant's 4th Prayer.*—The defendant prays the Court to instruct the jury that there is no legally sufficient evidence in this case to entitle the plaintiff to recover, and their verdict must be for the defendant.

The Court instructed the jury as to the measure of damages by granting the following prayer:

The Court instructs the jury that the measure of damages in this case is what they shall find from the evidence to have been the value of the machine not to exceed the sum of $1,500, the amount of the policy at the time of the fire, less whatever they find is the value of what is left, with interest in their discretion upon said amount from May 26th, 1909.

Whether an alleged misrepresentation or concealment will avoid a policy of insurance depends upon its materiality to the risk undertaken. *Mutual Insurance Company v. Deale,* 18 Md. 50; *Franklin Fire Insurance Company v. Coates & Glenn,* 14 Md. 285.

The alleged misrepresentation made in the application for the insurance is not a warranty, and if proven to be untrue does not avoid the policy unless material to the risk assumed by the insurer. The burden of showing the falsity of this representation as well as its materiality is upon the defendant. *Royal Arcanum v. Brashears,* 89 Md. 633.

In the view we have taken of this case, we are of the opinion that the appellant cannot set up the grounds of defense indicated in its prayers, and, therefore, the rulings of the Court upon the questions of evidence becomes immaterial, and need not be discussed. The object for which the proffered testimony was sought to be introduced was to snow that a false representation as to a material fact had been made by the insured. This character of evidence would

ordinarily be admissible, and if a material misrepresenta-
tion inducing the contract were established it would avoid
the policy, but upon the facts here appearing this defense is
one which the appellant ought not to be permitted to make.

In making the representation as to the year when the ma-
chine was built, the appellee did so upon the information that
he acquired from the party from whom he purchased it, with
no information as to any other means of acquiring this
knowledge.  This information was thought by the appellee
to be correct, and it was conceded, by the appellant's counsel
in the argument of the case before us, that the mistake was
an innocent one, and not until after the examination made
by the experts sent to adjust the loss by fire, did the appel-
lee have the least intimation that the representation made by
him, as to the year in which it was built, was incorrect.  As
shown by the evidence there was nothing upon the machine
that would indicate the year in which it was built.

Before the issuance of the policy, the application referred
to was submitted to Maurice Smith, of Philadelphia, agent
and employee of Mather & Company, brokers for the appel-
lant company, in charge of the automobile department, whose
duty it was to examine applications, to the company, for in-
surance upon automobiles, with power to approve or reject
such applications, and with authority, upon approval, to
quote rates and fix the amount of insurance to be granted.  It
was upon his approval that this policy issued.

It will be borne in mind that the alleged misrepresentation
in this case is in relation to the year in which the car was
built; the representation in the application being that it was
built in the year 1907.  It will be seen, by the evidence and
the prayers offered by the defendant, that the appellant has
construed this representation to be the same as if he had said
that it was a *model of 1907*, and it thereafter offers evidence
to show that it was not a model of 1907.

The defendant company, after so construing and treating
the representation referred to, offers evidence to the effect

that upon a model of 1906 a greater premium would be required than on a model of 1907, and that the amount of insurance placed upon a model of 1906 would' be less than that upon a model of 1907. It is because of the alleged increase in premium and the diminished amount of insurance that would have been charged and allowed upon the model of 1906, that the appellant company contends that the risk or hazard has been materially increased, and in consequence thereof they should be relieved of their liability und'er the policy.

In the application the appellee gave the manufacturer's number of the car; this appeared upon the car itself. We are told by Atkinson, one of the appellant's witnesses, an automobile dealer, who was sent by the insurance company to examine the loss, that a mere inspection of the machine, by one not specially familiar with its construction would not reveal the year in which it was built, but with this number, the year could then be ascertained by the use of it in connection with the catalogue issued by the company, otherwise it could not be said in what year it was made.

In the application containing the alleged misrepresentation Smith was furnished with this number. Upon the submission of this application to him, it was his duty to carefully examine and' consider in connection with each other, the different representations made therein. Upon being furnished the number, Smith, with his knowledge and information as to the construction of the different automobiles manufactured and the rules and regulations adopted and followed by the manufacturer in numbering them, and the methods employed' for the identification of the machine, by the use of the catalogue issued by the manufacturer, had means and opportunities of knowing or ascertaining the year in which the car was built greater than those of the appellee. He knew, or should have known, holding the position that he did, that with the number correctly stated, he, by comparison of that number with the catalogue of the company, could have ascertained the year in which the machine was built.

If he failed to make this examination and accepted, as suffi-
cient, the application containing these inconsistent repre-
sentations, which could have been discovered by him, had
he carefully examined and considered the representations
therein made, then he is chargeable with the knowledge of
the existence of such inconsistent representations, and is to
be held estopped from relying upon this alleged misrepre-
sentation.

As was said by CHIEF JUSTICE McSHERRY, in *Monahan*
v. *Mutual Insurance Co.*, 103 Md. 157: "All the cases which
hold the contract of insurance to be vitiated by the mere
representation of a mere fact when no warranty is involved,
have relation to facts which were, or which ought to have
been peculiarly within the knowledge of the applicant and
which were not within the knowledge of the insurer.  If the
company ought to have known of the facts, or with proper
attention to its own business, could have been apprised of
them, it has no right to set up its ignorance as an excuse.
It must be treated as knowing what it ought to have known."

The year in which the car was built was not within the
peculiar knowledge of the appellee, nor had he, after fur-
nishing Smith with the said number, any means or opportu-
nities of ascertaining this fact that were not equally accessi-
ble to Smith, the agent of the Company, whose duty it was
to pass upon the application.

From the views we have expressed, we think the Court
committed no error in rejecting the prayers of the defendant
or in granting the prayer of the plaintiff.  We will therefore
affirm the judgment of the Court below.

> *Judgment affirmed with costs to the ap-
> pellee.*