EDWARD E. ELDER *vs.* FEDERAL INSURANCE COMPANY.

Essex.   November 7, 1912. — January 29, 1913.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Insurance,* Fire, Of automobile.   *Contract,* Implied in law.

The provision of St. 1907, c. 576, § 21, to the effect that no misrepresentation or warranty made in the negotiation of a policy of insurance by the assured shall be deemed material or avoid the policy unless it is made with actual intent to deceive or unless the matter misrepresented increases the risk of loss, has no application to a warranty contained in the body of a policy.

If the owner of an automobile insured for a year against loss or damage by fire by a policy, which contained a provision warranting that the automobile would not be used for carrying passengers for hire or be leased and that, if the warranty were violated, the policy would "immediately become null and void," six months after the policy was issued permits his son to use the automobile to carry passengers for hire, the policy at once ceases to be in force, and the owner cannot recover upon it for damage to the automobile by a fire occurring eleven and a half months after it was issued; nor is he entitled to a return of any premium paid upon the policy, as the policy had attached and only by his own act was he deprived of its full benefit.

CONTRACT upon a policy of insurance of the plaintiff's automobile against loss or damage caused by fire.   Writ dated March 12, 1910.

The policy was for one year from March 31, 1908, and contained as one of its terms the following: "17. Warranted by the assured hereunder that the automobile hereby insured shall not be used for carrying passengers for compensation or rented or leased during the term of this policy; and in the event of violation of this warranty this policy shall immediately become null and void."

The provision of St. 1907, c. 576, § 21, referred to in the opinion, is as follows: "No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance by the assured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive or unless the matter misrepresented or made a warranty increased the risk of loss."

In the Superior Court the case was tried before *Fessenden,* J. In his opening statement to the jury the plaintiff's counsel offered to prove in substance that previous to the issuance of the policy the agent of the defendant who dealt with the plaintiff was told by the plaintiff that it was possible his son might use the car during the summer, obtaining some compensation from passengers, although the car would be rented but little, and that the agent assured the plaintiff that that would make no difference to the defendant; that the plaintiff thereupon agreed to take out the insurance and that shortly afterwards the agent delivered to the plaintiff the policy of insurance sued on and received from the plaintiff the premium amounting to $62.50; that the plaintiff at no time intended to deceive the defendant; that on August 1, 1908, the plaintiff's son with the plaintiff's knowledge and consent carried passengers on a trip of four or five weeks to the White Mountains and received compensation therefor; that in the following September the plaintiff's son carried three or four passengers to the Brockton Fair, returning the same day, and received compensation therefor; that on March 16, 1909, the automobile was damaged by fire, and that the plaintiff gave the defendant due notice thereof. The plaintiff and the defendant agreed that the amount of damage done to the automobile was $250.

The judge ruled as a matter of law that, upon the facts which the plaintiff offered to prove, he was precluded from maintaining his action, ordered a verdict for the defendant, and reported the case for determination by this court, it being agreed by the parties that if the ruling was wrong the verdict in favor of the defendant should be set aside and judgment entered for the plaintiff in the sum of $250, unless this court should rule that the policy became null and void on August 1, 1908, that, if the court should so rule and should be of the opinion that the plaintiff ought to recover from the defendant a return of a portion of his premium, judgment should be entered for the plaintiff in the sum of $41.67.

*H. R. Mayo,* for the plaintiff.

*R. Homans,* (*S. G. Barker* with him,) for the defendant.

BRALEY, J. The plaintiff as the insured, "warranted . . . that the automobile hereby insured" against loss or damage by fire "shall not be used for carrying passengers for compensation or rented or leased during the term of this policy; and in the event

of violation of this warranty this policy shall immediately become null and void." Having been inserted in the body of the policy the warranty was not dependent upon the negotiations embodied in the application and final issuance of the contract of insurance, and the St. of 1907, c. 576, § 21, is inapplicable. *Barker* v. *Metropolitan Life Ins. Co.* 188 Mass. 542. *Everson* v. *General Accident, Fire & Life Assurance Co.* 202 Mass. 169. If the automobile was used for the transportation of passengers for hire the plaintiff stipulated that the policy should be void, and the only remaining question is, whether upon the evidence it could be ruled as matter of law that the warranty had been broken. It was agreed by the parties, that with the plaintiff's knowledge and consent the plaintiff's son, for compensation which he received and retained, made trips with the automobile for the accommodation of tourists and passengers, and, this use having been permitted by the plaintiff, there was a violation of the warranty at common law, and whether the risk had been increased is immaterial. *Barker* v. *Metropolitan Life Ins. Co.* 188 Mass. 542. *Kidder* v. *United Order of the Golden Cross,* 192 Mass. 326. The policy therefore was not in force when the automobile was damaged by fire, and the plaintiff cannot recover for the loss.

Nor is he entitled to a return of any part of the premium. The policy attached, and while the premium covered the life of the policy if its terms were complied with by the insured, the plaintiff could not through his voluntary breach deprive the defendant, who is without fault, of the full benefit of the contract. *Taylor* v. *Lowell,* 3 Mass. 330. *Merchants' Ins. Co.* v. *Clapp,* 11 Pick. 56.

*Judgment for the defendant on the verdict.*