## ORIENT INS. CO. v. VAN ZANT-BRUCE DRUG CO. *et al.*

No. 4719.     Opinion Filed August 3, 1915.

(151 Pac. 323.)

1.  **INSURANCE—Fire Policies—Warranties—Breach.** The following provision in a fire insurance policy, covering an automobile: "It is warranted by the insured that the automobile hereby insured, during the term of this policy, shall not be used for carrying passengers for compensation, and that it shall not be rented or leased"—constitutes a promissory warranty, and a breach thereof by the insured prevents recovery.

2.  **SAME—Fire Policies—Misrepresentations.** As a general rule, a representation in a fire insurance policy, if false and material, avoids the policy; but whether such representation is false and material is ordinarily a question of fact for the jury.

3.  **SAME—Fire Policies—Defenses.** A willful, intentional breach of the fraud and false swearing provision of the Oklahoma standard fire insurance policy, by the insured, as to a material matter, in the proof of loss, avoids the policy.

(Syllabus by Dudley, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Van Zant-Bruce· Drug Company against the Orient Insurance Company, the drug company's trustee in bankruptcy being later substituted as plaintiff. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*Wilson & Tomerlin* and *E. E. Buckholts,* for defendants in error.

Opinion by DUDLEY, C. This is an action upon a fire insurance policy of $1,200, covering an automobile, issued by the plaintiff in error, defendant below, to one

Logan Billingsley, on April 8, 1912, expiring April 8, 1913. The policy is the statutory standard form, with certain add.tional provisions attached to and made a part thereof. On June 24, 1912, said automobile was totally destroyed by fire, and following this and on June 26, 1912, the said Logan Billingsley, for a valuable consideration, sold, transferred, and assigned said policy to the defendant in error, plaintiff below. Proper proof of loss was made, and following this and on October 18, 1912, the plaintiff, as ass.gnee, commenced this action against the defendant, to recover the amount due upon said policy. The defendant answered, admitting the issuance and delivery of the policy, but denying liability thereon, on account of the breach of certain terms and provisions thereof. These alleged breaches are set forth in paragraphs 2, 3, 4, and 5, of its answer. A demurrer was sustained to these paragraphs, and exceptions saved. Thereupon the defendant withdrew paragraph 1 of its answer, which was a general denial, and admitted the assignment of said policy to the plaintiff, the destruction of the property, and the ownership thereof at the time of the fire, and declined to plead further; whereupon the trial court rendered judgment against it, in favor of the plaintiff, for the face of the policy, with interest. From this judgment, defendant has appealed, and assigns as error the action of the trial court in sustaining said demurrer to paragraphs 2, 3, and 4 of its answer.

The defendant, in paragraph 2 of its answer, pleads a breach of the following provision of said policy:

"It is warranted by the insured that the automobile hereby insured, during the term of this policy, shall not be used for carrying passengers for compensation, and that it shall not be rented or leased"

—in that said insured, prior to said alleged fire and during the term of said policy, used said automobile for carrying passengers for compensation. If the breach of this provision of the policy, as alleged, constitutes a defense, then the trial court committed error in sustaining the demurrer to said paragraph.

The foregoing provision appears in the body of the policy, and in fact it is a part of it. This being true, does it constitute a warranty? In Kerr on Insurance, p. 319, discussing warranties, it is said:

"In the law of insurance a warranty is always a part of the contract.

"A warranty is a stipulation, assertion, or statement of, or related to, some fact connected with the subject-matter of the insurance, upon the literal truth of which the validity of the contract depends, without regard to the materiality of such fact, or the motive which prompted such stipulation, assertion, or statement."

This seems to be the general rule. Clement on Fire Insurance, vol. 2, pp. 33, 35, and 52; Cooley's Briefs on the Law of Insurance, vol. 2, pp. 1127 and 1950; Richards on Insurance (3d Ed.), sec. 103; Joyce on Insurance, vol. 3, sec. 1944; May on Insurance (3d Ed.) vol. 1, sec. 156.

Tested by this rule, we think the foregoing provision of this policy constitutes a warranty. A "warranty" may be either affirmative or promissory, the former affirming the existence of certain facts at the time of the insurance, the latter requiring the performance or the omission of certain things, after the taking out of the insurance. Elliott on Insurance, sec. 103; May on Insurance (3d Ed.) vol. 1, sec. 157; Joyce on Insurance, vol. 3, secs. 1946 and 1947; 19 Cyc., p. 708; *Miller v. Com-*

*mercial Union Assur. Co., Ltd.,* 69 Wash. 529, 125 Pac. 782.

The provision under consideration is clearly a promissory warranty. *Western National Life Ins. Co. v. Williamson-Halsell-Frazier Co.,* 37 Okla. 213, 131 Pac. 691. In this case, this court held that the iron-safe and inventory clauses in fire insurance policies were promissory warranties. In these clauses it is provided that something will be done during the existence of the policy. The same principle is involved here. Being a promissory warranty, an unjustifiable breach thereof by the insured prevents recovery. *Western National Life Ins. Co. v. Williamson-Halsell-Frasier Co., supra.* In the syllabus of this case, it was held:

"The iron-safe and inventory clauses in fire insurance policies are promissory warranties, and an unjustifiable breach of them by the insured prevents recovery." *Rosenthall Clo. Co. v. Insurance Co.,* 55 W. Va. 238, 46 S. E. 1021; *O'Brien v. Commercial Ins. Co.,* 63 N. Y. 108; May on Insurance, vol. 2, sec. 465.

The question as to whether or not the prohibitive use of the automobile increased the risk is immaterial. *Eminent Household of Columbian Woodmen v. Prater,* 24 Okla. 214, 103 Pac. 558, 23 L. R. A. (N. S.) 917, 20 Ann. Cas. 287; Cooley's Briefs on Insurance, vol. 3, p. 1951; *Hoover v. Royal Neighbors,* 65 Kan. 616, 70 Pac. 595; *Elder v. Federal Ins. Co.,* 213 Mass. 389, 100 N. E. 655. In this last case, the Supreme Court of Massachusetts had under consideration a provision in an automobile fire insurance policy almost identical with the provision under consideration here. The rule seems to be well settled that a breach of warranty avoids the policy. Cooley in his Briefs on Insurance, vol. 3, p. 1950, speaking with reference to this question, said:

"This principle is so fundamental that it scarcely needs the citation of authorities to support it"—citing numerous cases.

The plaintiff, however, insists that, before the breach of a promissory warranty can avoid the policy, there must be a provision in the policy to that effect. This contention is not sound. The insured warranted that he would not use the automobile for carrying passengers for compensation. This warranty is a part of the policy, and a breach of it avoids the same, even though there is no provision in the policy to that effect.

Mr. Justice Hayes, speaking for this court in the case of *Eminent Household of Columbian Woodmen v. Prater, supra,* said:

"A statement warranted to be 'true and accurate,' if not true, will prevent the pol'cy from attaching as a contract of insurance, without regard as to whether the statement is material or immaterial; and, where there has been a breach of a warranty, the policy is void, though the statement upon which the breach of a warranty is predicated is in no way material to the risk."

And in the case of *Owen v. United States Surety Co.,* 38 Okla. 123, 131 Pac. 1091, it was held:

"A misrepresentation renders the policy void on the ground of fraud, whilst noncompliance with a warranty operates as an express breach of the contract."

A substantial compliance with the provision under consideration would be sufficient. *Home Ins. Co. v. Ballard,* 32 Okla. 723, 124 Pac. 316; *Commercial Union Assur. Co. of London v. Hill* (Tex. Civ. App.) 157 S. W. 1095. The defendant, in the paragraph of its answer under consideration, pleads a specific breach, and we think it states a defense, and that the trial court committed error in sustaining the demurrer thereto.

The defendant, in paragraph 3 of its answer, pleads a breach of the following provision of said policy:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material facts or circumstances concerning this insurance, or the subject thereof"

—in that said insured concealed and misrepresented certain material facts and circumstances concerning said insurance and the subject thereof, in this, to wit:

"That he verbally stated and represented to the defendant's agent that the automobile covered by the policy on which this suit is based was to be used for pleasure, when in truth and in fact, as the insured well knew, said automobile was to be used by him for carrying passengers for compensation and for making deliveries of goods, wares, and merchandise from his place of business to divers and sundry places throughout Oklahoma City and vicinity; and that, after the issuance of said policy, the assured did use his automobile for carrying passengers for compensation and for making deliveries of goods, wares, and merchandise throughout Oklahoma City and vicinity."

As a general rule, a representation, if false and material, avoids the policy. Elliott on Insurance, sec. 114; May on Insurance (3d Ed.) vol. 1, sec. 181; *Owen v. United States Surety Co., supra; Harris v. St. Paul Fire & Marine Ins. Co.* (Sup.) 126 N. Y. Supp. 118. Representations, like warranties, may be affirmative or promissory. May on Insurance, vol. 1, sec. 182. In Richards on Insurance (3d Ed.) sec. 99, it is said:

"A representation is material which would influence the judgment of a prudent insurer in fixing the premium or determining whether he will assume the risk"—citing *Mattson v. Modern Samaritans*, 91 Minn. 434, 98 N. W. 330; Elliott on Insurance, sec. 116; *Columbian Insurance*

Co. v. Lawrence, 10 Pet. 507, 9 L. Ed. 512; Clement on Fire Insurance, vol. 2, p. 8.

Whether a representation is true and material is a question of fact for the jury. National Union v. Kelley, 42 Okla. 98, 140 Pac. 1157; Richards on Insurance (3d Ed.), sec. 101, and cases cited; Clement on Fire Insurance, vol. 2, p. 7. From an examination of the allegations in paragraph 3 of the answer, we think it states a defense, and that the trial court committed error in sustaining the demurrer thereto.

The defendant, in paragraph 4 of its answer, pleads a breach of the following provision of said policy:

"The entire policy shall be void * * * in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss"

—in that the insured knowingly swore to a false statement in his proof of loss, in certain particulars which are not necessary to set out here. This provision, in substance, appears in the standard policies of many states. In Cooley's Briefs on Insurance, vol. 4, p. 3412, discussing provisions similar to the one under consideration here, it is said:

"Under such a provision the ordinary rule that fraud occurring after the fixing of liability will not affect the rights of the parties did not apply, and the policy may therefore be avoided for fraud or false swearing occurring in the proof of loss"—citing Ferriss v. North American Fire Ins. Co., 1 Hill (N. Y.) 71; Phoenix Ins. Co. v. Munday, 5 Cold. (Tenn.) 547; Giles v. Bechtner, 12 Minn. 279 (Gil. 183).

See, also, Rovinsky v. North Assur. Co., 100 Me. 112, 60 Atl. 1025; Lewis v. Insurance Company, 63 Iowa, 193, 18 N. W. 888; Southern Home Ins. Co. v. Putnal, 57 Fla.

199, 49 South. 922; *Chaflin v. Insurance Company,* 110 U. S. 91, 3 Sup. Ct. 507, 28 L. Ed. 76.

The questions as to whether the statements in the proof of loss were false and material are questions of fact for the jury. We believe the company, in paragraph 4 of the answer, pleaded a defense, under the provision of the policy under consideration, and that the trial court erred in sustaining the demurrer thereto.

The cause should, therefore, be reversed and remanded.

By the Court: It is so ordered.