[No. 17725.   Department Two.   April 30, 1923.]

# J. S. Devenny, *Respondent*, v. Automobile Owners Inter-Insurance Association of Washington, *Appellant*, Charles W. Stimson *et al.*, *Defendants.*[1]

Insurance (72, 73)—Avoidance of Policy—Misrepresentations—Intent to Deceive.  Under the express provision of Rem. Comp. Stat., § 7078, misrepresentations in an application for insurance of a 1915 auto truck, to the effect that it was a 1917 model, will not avoid the policy, in the absence of evidence of an intent to deceive; and such intent is a question for the jury, where the insured testified that he thought it was a 1917 model (which had not changed since 1915) and he correctly gave the factory and engine number, from which the year would readily be ascertained.

Same (72, 73).  In such a case, an intent to deceive is not shown by a false statement in the policy that assured paid $2,000 for the truck, where the insurance agent testified that he filled out the application from information furnished by the insured to the effect that he had traded some land and paid some cash, and there was nothing to show the land was worth less than claimed.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 16, 1922, upon findings in favor of the plaintiff, in an action on an automobile fire insurance policy, tried to the court. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellant.

*Crawford E. White, John P. Gallagher,* and *Charles C. Curtis,* for respondent.

Fullerton, J.—This is an action to collect upon an automobile fire insurance policy.  The case was tried to the court below sitting without a jury, and from a judgment for the plaintiff in the sum of $650, the insurance association has appealed.

[1] Reported in 214 Pac. 833.

The facts of the case are as follows: On January 29, 1921, the appellant issued to the respondent a policy of insurance indemnifying the respondent against loss of or damage to a certain second-hand Reo truck by fire, in an amount not to exceed $1,500. The premium of $27 was paid by the respondent. On April 19, 1921, the truck, while being driven on the road near Shelton, was burned and became a total loss. Proof of loss was made, but the appellant refused payment upon the grounds that the respondent had secured the insurance by false and fraudulent warranties in his application for insurance, and upon the further ground that the truck was deliberately burned by the respondent or by his procurement. Certain members of the appellant association were made parties defendant, but the case as against them was non-suited in the court below and they are not parties to the appeal.

The application for insurance upon which the policy was issued contained the following statements:

"The following statements of fact are known to, and warranted by, the Subscribers to be true and this policy is based by the Association relying upon the truth thereof . . .

"2. The following is the description of the automobile, and facts relative to purchase:

"Model: 1917. Trade Name: Reo. Type of body (if truck, state tonnage); 2-ton. Model: J. Factory and Engine No.: J5139. List Price: $1,800. $200 body.

"3. The facts with respect to the purchase of the automobile described are as follows:

"Purchased by the assured: Month: Dec. Year: 1920. New or Second Hand: Second Hand. Actual Cost to assured, including the equipment: $2,000."

The appellant alleged in its answer that the actual year model of the car was 1915 instead of 1917, and that the actual cost of the car to the assured was not to

exceed $600, instead of $2,000, and that these false warranties voided the contract. Such representations in an application for insurance, to void the policy, must not only be false but must have been made with intent to deceive, under the express provisions of § 7078, Rem. Comp. Stat., which, so far as material, reads:

"No oral or written misrepresentations or warranty made in the negotiation of a contract or policy of insurance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching, unless such misrepresentation or warranty is made with the intent to deceive."

This section was originally enacted as § 34, ch. 49, Laws of 1911, p. 197, and hence was not in the laws of the state at the time the contract of insurance considered by this court in *Miller v. Commercial Union Assurance Co.*, 69 Wash. 529, 125 Pac. 782, was entered into.

Considering the effect of this statute in *Brigham v. Mutual Life Ins. Co.*, 95 Wash. 196, 163 Pac. 380, we said:

"It is not enough under this statute to find that the representations were false. It must further be found that they were made with intent to deceive."

In *Day v. St. Paul Fire & Marine Ins. Co.*, 111 Wash. 49, 189 Pac. 95, the court had before it a situation almost identical to the one in this case. That action involved a fire insurance policy issued upon an automobile, and the misrepresentations in the application relied upon to void the policy were that the owner had declared the car to be a 1911 model, whereas it was a 1910 model, and had stated it was new and cost $3,400, whereas it was a second-hand car and cost $2,000. In that case the court held that, inasmuch as the representations were false and were known to be false when

made, in the absence of proof to the contrary, intent to deceive would be presumed. In that case we said:

"It is true that motive and intent are mental states, and that evidence of the mental state of an applicant is sometimes hard to prove where there are no facts or circumstances to establish it other than the applicant's own declaration. However, honesty and fair dealing would seem to require that, in order to overcome the presumption, there must be some testimony more concrete than was here given when an applicant admits, as he does here, that the representations were made with the knowledge that they were untrue. It may be that representations made at a time when the applicant may have forgotten the facts, or made through carelessness or mistake, or where the representative of the insurance company had prior knowledge of the facts which were contrary to the representations made by the applicant, make submissible to the jury the question of whether the applicant acted with intent to deceive or not. In this case the respondent admits that the statements were 'material enough to avoid the policy if there was an intent to deceive,' and they having been made with knowledge of their falsity, a presumption arises of the intent to deceive, which presumption is not overcome by the unsupported declaration of the applicant that no such intent existed in his mind at the time."

As to the year model of the car in question in this case, the respondent testified that he thought it was a 1917 model and that he used 1917 model parts in repairing it. There is undisputed evidence that Reo trucks of the years 1915, 1916 and 1917 were the same. It is also in evidence that the respondent gave the factory and engine number correctly, and that from such number the year of the car was readily ascertainable from a book published for the particular use of those writing automobile insurance. The question whether this erroneous statement was made with intent to de-

ceive was a question of fact, and the court below having found that it was not so made, we are not prepared to say that this finding was contrary to the evidence.

The rule applicable here is found in Huddy on Automobiles (6th ed.), p. 1032, where it is said:

"But, on the other hand, it has been held that, where the application correctly gives the make, horse power, and manufacturer's number of the machine, but innocently misstated the year of manufacture, and it appeared that the insurer's agents had information at hand to determine the age of the car from the number, it was charged with notice of the age and was estopped to assert the misstatement as a defense."

In support of the text is cited *British & Foreign Marine Insurance Co. of Liverpool v. Cummings*, 113 Md. 350, 76 Atl. 571, wherein it was said:

"As was said by Chief Justice McSherry, in *Monahan v. Mutual Insurance Co.*, 103 Md. 157, 63 Atl. 212, 5 L. R. A. 759: 'All the cases which hold the contract of insurance to be vitiated by the mere representation of a mere fact when no warranty is involved, have relation to facts which were, or which ought to have been peculiarly, within the knowledge of the applicant and which were not within the knowledge of the insured. If the company ought to have known of the facts, or with proper attention to its own business, could have been apprised of them, it has no right to set up its ignorance as an excuse. It must be treated as knowing what it ought to have known.' The year in which the car was built was not within the peculiar knowledge of the appellee, nor had he, after furnishing Smith with the said number, any means or opportunities of ascertaining this fact that were not equally accessible to Smith, the agent of the company, whose duty it was to pass upon the application."

Much that we have said above applies with equal force to the claim that the respondent falsely stated that he paid $2,000 for the truck. The agent of the

appellant who solicited the respondent testified that he filled out the application upon information given him by the respondent, and that the respondent stated he had traded some land and had paid some cash for the truck. This knowledge of the agent is knowledge of the company. Likewise, there is nothing, even considering the evidence which the court below rejected, offered by the appellant to show the land to be worth but $400, that would justify this court in holding that this statement was made with intent to deceive.

The appellant assigns error in the making of the finding of fact reading:

"That on or about the 19th day of April, 1921, the aforesaid automobile caught fire and was a total loss through no fault on the part of the plantiff herein, and that at the time of the fire and the loss of the aforesaid truck the reasonable market value and cash value of said truck was the sum of $650.00, and said truck as aforesaid was on the 19th day of April, 1921, totally burned and was a total loss."

This finding was supported by the evidence, but the appellant insists that, had it been permitted to show the true consideration for the truck, a motive for the destruction would have been shown and this finding might have been different. However, we do not think that such evidence would have made any difference, in view of the uncontradicted testimony of two witnesses that the fire was accidental.

Error is assigned in the finding that an agent of the company had duly inspected and examined the truck before the insurance was written. This finding is sustained by the testimony of the appellant's agent who solicited the business and who stated that he looked the truck over; lifted the hood and looked at the motor and estimated its value at from $2,000 to $2,500.

The appellant further contends that the court erred in making the seventh finding of fact, reading:

"That plaintiff in securing the aforesaid insurance on the aforesaid truck did not make any false or fraudulent representations or warranties to the defendant association; that defendant association has wholly failed to substantiate and prove any of its affirmative defenses in the above entitled cause."

The contention as to this finding is fully answered by what we have said above. The erroneous information given in the application was not such false and fraudulent misrepresentations as to void the contract, and that is all that the finding means.

In giving judgment for $650, the court used a valuation placed on the truck by some of the appellant's own witnesses. In view of other evidence from disinterested witnesses that the truck was worth from $2,000 to $2,500, the appellant cannot well complain of the amount.

The judgment of the court below is affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.