JOHN W. RECORD *vs.* ROYAL INSURANCE COMPANY, LIMITED.

Worcester.     September 23, 1925. — November 24, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Insurance,* Against theft of motor vehicle: warranty as to use.

At the trial of an action upon a policy of insurance against loss by theft of an automobile which was insured subject to a warranty by the insured that the uses to which it would be put were "private and pleasure," the plaintiff testified in substance that at the date of the policy he was using the automobile in his business of making collections for his employer, a clothing dealer, who allowed him a certain amount for running it in his business, and that he continued such use while so employed; and that under a subsequent employer he used it in travelling to and from Boston about once a week. In answer to the question, "You used the car for every purpose?" he answered, "I used it for pleasure." The above evidence was not contradicted. *Held,* that

(1) The plaintiff was bound by his testimony;

(2) It appeared from the testimony that the plaintiff was paid for the use of the car in his employer's business; and that such use was neither private nor for pleasure within the meaning of these words in the policy, but was for business purposes in the service of the insured's employer.

At the trial of the action above described, it appeared that the policy provided under the caption "Warranties": "The following are statements of facts known to and warranted by the Assured to be true, and this policy is issued by the Company relying upon the truth thereof," the statement under a number 4 being, "The uses to which the automobile described are and will be put, are private and pleasure." The judge refused to order a verdict for the defendant. *Held,* that

(1) G. L. c. 175, § 186, had no application; following *Elder* v. *Federal Ins. Co.* 213 Mass. 389;

(2) Because of the use made of the motor vehicle in the business of the insured's employer, the policy ceased to be in force;

(3) A verdict for the defendant should have been ordered.

CONTRACT upon a policy of insurance against loss of an automobile by fire or theft. Writ dated May 18, 1921.

In the Superior Court, the action was tried before *Irwin*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $202.44. The defendant alleged exceptions.

*M. C. Taylor*, for the defendant.

*F. B. Spellman*, for the plaintiff.

CARROLL, J. This is an action of contract to recover under a theft and insurance policy for the loss by theft of the plaintiff's automobile. The automobile was stolen in December, 1920. The term of the policy was to begin July 1, 1920, and to end July 1, 1921. The policy provided under the caption "Warranties": "The following are statements of facts known to and warranted by the Assured to be true, and this policy is issued by the Company relying upon the truth thereof," the statement under number 4 being "The uses to which the automobile described are and will be put, are private and pleasure."

The plaintiff testified that he was a collector and salesman employed by one Strogoff, a clothing dealer, and was so employed when the policy was issued; that he used the automobile in his business of making collections and continued to use it in this way as long as he remained in Strogoff's employment; that he went to Boston with the automobile about "once or twice a month"; that in November, 1920, he went to work for the Bay State Clothing Company, and while so employed used the machine in travelling to and from Boston about once a week; that while employed by Strogoff, he "was allowed a certain amount by Strogoff for running the car in the business. There was no specified amount. He does not remember the amount, whether

eight or ten a week or not." In answer to the question, "Isn't it true you put in vouchers for gasoline and oil and all charged to the automobile account?" the plaintiff replied: "I never put in the cost of oil." In answer to the question, "You used the car for every purpose?" he answered: "I used it for pleasure."

It appears from this testimony that the plaintiff was paid for the use of the car in his employer's business. The use of the motor car in the business of Strogoff, and of the Bay State Clothing Company after he ceased to work for Strogoff, was neither private nor for pleasure within the meaning of these words in the policy, but was for business purposes in the service of the insured's employer. The plaintiff testified that the automobile was used by him as a collector for Strogoff "in going around and making collections"; and while working for the Bay State Clothing Company he went to Boston with the automobile about once a week. This evidence was not contradicted and the plaintiff is bound by it. See *Elder* v. *Federal Ins. Co.* 213 Mass. 389. There was no conflict in the evidence on this question, and *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, is not in point.

The plaintiff relies on G. L. c. 175, § 186, which provides in effect that no misrepresentation or warranty made in the negotiation of a policy of insurance by the insured shall be deemed material, or defeat the policy, or prevent it attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss. He contends that, under this statute even if the plaintiff did use the car for purposes which were neither private nor for pleasure, it was a question of fact for the jury to determine whether such a use increased the risk of loss. This question has already been decided against the plaintiff's contention. *Elder* v. *Federal Ins. Co.*, *supra.* The plaintiff stipulated that the automobile should be used only for private purposes and pleasure. It was in use, when the policy issued, for business purposes in the service of Strogoff, and continued so after the policy issued. By this operation of the vehicle the policy was no longer in force. The statute, G. L. c. 175, § 186, is

not applicable.    It is immaterial whether the stipulation was made with intent to deceive or whether the risk of loss was increased, by employing the automobile in the manner testified; the policy became void in either case.    The case is governed by *Elder* v. *Federal Ins. Co., supra.    Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, does not apply.

As the plaintiff cannot recover for the reasons stated, we do not find it necessary to consider the other questions involved in the case.

*Exceptions sustained.*
*Judgment for the defendant.*