JOSEPH BLOOM *vs.* OHIO FARMERS INSURANCE COMPANY.

Suffolk.    January 27, 1926. — May 25, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Against theft of motor vehicle.

At the trial of an action upon a policy of insurance against "theft, robbery or pilferage" of an automobile, there was evidence that the plaintiff left the automobile parked on a Boston street while he attended a theatre in the evening; that when he came from the theatre the automobile was gone; that it had been driven from Boston to Quincy, a spare tire had been removed, and then it had been deliberately impelled into a quarry hole in which, but for the chance that it caught on a

rocky ledge, it would have disappeared from sight in water sixty feet deep. The defendant contended that there was no evidence which would justify a finding of theft within the terms of the policy. *Held,* that

(1) The words in the policy descriptive of the perils insured against were to be given the meaning attributed to them in common use;

(2) The evidence justified a finding of deliberate theft, a taking with the intent to deprive the owner permanently of his property for the pecuniary benefit of the taker.

At the trial above described, it appeared that under the title "Warranties" in the policy in question was the statement, "4. The uses to which the automobile described are and will be put, are pleasure." The policy did not provide that any use of the car for business purposes should render the policy void. There was evidence that the use made of it by the plaintiff was mainly for pleasure, but that, occasionally and merely incidental to such use and accompanying the use for pleasure, he used it for business purposes and that no compensation was received for using the car when business was combined with pleasure. *Held,* that it could not be ruled as a matter of law that by reason of the violation of the warranty there should be no recovery under the policy.

At the trial above described, it appeared that the plaintiff in the policy warranted the automobile to have cost $2,600. There was evidence that the cost of the automobile was $2,492.50 and that items of incidental equipment and tires might have brought the cost to $2,600. *Held,* that

(1) Whether there had been a material misrepresentation of cost was for the jury upon the evidence;

(2) There was no basis for a contention by the defendant that as a matter of law a finding was required that the cost of the automobile was stated falsely by the plaintiff.

CONTRACT upon a policy of insurance against "theft, robbery and pilferage" of a motor vehicle. Writ dated August 21, 1922.

The policy contained the following under the title "Warranties": "The uses to which the automobile described are and will be put, are pleasure."

In the Superior Court, the action was tried before *Quinn,* J. There was evidence that the plaintiff's automobile had been taken from a parking space in Hayward Place in Boston in the evening while the plaintiff was attending a theatre, and was found in Quincy in circumstances described in the opinion. Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,192.67

and the judge reported the action to this court, judgment to be entered for the defendant if its motion should have been allowed; otherwise, judgment to be entered on the verdict.

*A. J. Berkowitz,* for the plaintiff.

*M. C. Taylor,* for the defendant.

WAIT, J. The question for determination on the report in this case is, whether the trial judge was right in refusing to order a verdict.

The defendant contends (1) that there was no evidence which would justify a finding of theft within the terms of the policy and that the evidence as matter of law requires findings that (2) the automobile was used for purposes other than pleasure and (3) its cost to the assured was stated falsely.

(1) The words "theft, robbery or pilferage" used in the policy as descriptive of the "Perils Insured Against" are to be given the meaning attributed to them in common use. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471.

There was evidence from which the jury could find that the spare tire had been removed by the person who took the car from the place where it had been left by the owner, and that the car had then been deliberately impelled into a quarry hole in which, but for the chance that it caught on a rocky ledge, it would have disappeared from sight in water sixty feet deep. This would justify a finding of deliberate theft, a taking with the intent to deprive the owner permanently of his property for the pecuniary benefit of the taker. It is none the less theft that the wrongful acquisition of the spare tire may have been the thief's real purpose, and that he may have discarded the car where he thought it would disappear forever lest it prove a valueless and dangerous possession. *Rex* v. *Cabbage,* Russ. & Ry. 292. My wallet is stolen, although the thief keeps only the money it had contained and throws the wallet into a sewer manhole. Whether other things had been taken is immaterial to this decision; but in the state of the evidence, there was a disputed question of fact in this regard. It is not necessary to decide whether upon other evidence or upon other possible findings from this evidence, theft within the terms of the policy could be made out.

(2) The jury would have been justified in finding that such use as was made of the car for business purposes was merely incidental and accompanied its use for pleasure. No compensation was received for using the car when business was combined with pleasure. The receipt of compensation, though not an absolute test, is a persuasive consideration in deciding whether a use is for business or for pleasure. *Hinckley* v. *Germania Fire Ins. Co.* 140 Mass. 38. *Automobile Ins. Exchange* v. *Wilson,* 144 Md. 249, 252. The facts in *Record* v. *Royal Ins. Co., Ltd.* 253 Mass. 617, are so different from those here before us that the decision is not controlling in this case.

The policy did not provide that any use of the car for business purposes should render the policy void, as in *Elder* v. *Federal Ins. Co.* 213 Mass. 389. At most a use for business would suspend liability during such use. *Hinckley* v. *Germania Fire Ins. Co., supra.* When taken, this car was being used for purposes of pleasure.

(3) The car, including equipment, was warranted to have cost $2,600. The defendant in its brief argues that the highest possible figures of cost make a total of only $2,492.50. This omits any incidental items of equipment and tires, which well might be taken to make up the lacking $107.50. Whether there had been a material misrepresentation of cost, upon the evidence, was for the jury.

The judge was right in his ruling. In accord with the terms of the report the

*Verdict is to stand.*