(77 App. Div. 196.)

HUNTLEY v. PROVIDENCE WASHINGTON INS. CO.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. MARINE INSURANCE—POLICY—CONSTRUCTION—QUESTION FOR COURT.

Where the evidence as to the position of a canal boat at the time of her injury was not disputed, and there was no proof tending to show a practical construction of the terms of the policy, an issue as to whether she was lying "between piers," within the policy, requiring that she should be so placed while not being navigated during the closed season, was for the court.

2. SAME.

Where a policy on a vessel provided that the company should not be liable for injuries in consequence of ice, except when the vessel was "lying between piers," the exception should be construed as requiring that the vessel should be placed between piers sufficiently near to each other to afford protection from floating ice on both sides; and hence, where the piers between which the vessel was moored at the time of her injury were 2,200 feet apart, she was not lying "between piers," within the policy.

Appeal from trial term, New York county.

Action by Loren E. Huntley against the Providence Washington Insurance Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Le Roy S. Gove, for appellant.
Jas. K. Symmers, for respondent.

HATCH, J. This action is brought to recover upon a marine policy of insurance issued by the defendant upon the steam canal boat W. E. Witter, against loss by reason of marine perils. The policy was issued on the 1st day of September, 1898. By its terms it provided that the vessel should be securely moored in a place satisfactory to

the company between noon on the 10th day of September and noon on
the 1st day of April following the issuance of the policy; the company
to be notified as to the time when and the place where it was to be
laid up. There was some modification of this policy, as was conceded
upon the argument, whereby the boat was authorized to be navigated
during the prohibitory season, but no liability was to attach to the de-
fendant company for any damage inflicted by ice when being so navi-
gated. The liability of the company in this regard was concededly
limited to a case "from damage in consequence of ice, except when the
vessel is lying between piers." The proof disclosed that the boat was
navigated to the pier of the General Chemical Works, located at
Shady Side, on the New Jersey shore of the North river, where she
was engaged in receiving cargo. She remained at the end of the
pier while the tide was at flood. When the tide began to ebb, the
plaintiff loosened the boat and swung her around to the south side of
the pier; and while lying in this position in the early morning she was
struck by a cake of ice upon the port side, receiving injuries from
which she sank. The only question to be determined is, was the boat,
at the time when she was struck by the ice, located in a place where
liability for injuries therefrom would attach, or, in other words, did the
place where the boat was lying bring her within the excepted clause
of the policy, so that liability attached for damage occasioned by ice?

It was undisputed that the first pier south of the chemical works
pier, where the boat was lying, was distant, by actual measurement,
2,200 feet. Between these points there were two projections from the
shore into the river, but it was not claimed that these projections con-
stituted piers, within the meaning of the policy. A case was therefore
presented where the court was called upon to determine whether a boat
lying between piers so situated is within the exception contained in
this policy. There is no proof in the case showing or tending to show
any practical construction of the language of the policy in this respect,
either by custom or otherwise. The question presented, therefore, be-
came one of law, for determination by the court, and not by the jury,
as a case was not presented where conflicting inferences could be
drawn from the proofs submitted. If, however, the interpretation of
the contract by the jury was the proper one, the defendant could not
complain, as the result would be the same had the court construed
it in like manner. Consequently it would not be aggrieved by the
judgment entered thereon. By the terms of the policy, the defendant
did not assume liability for damage inflicted by ice when the boat was
being navigated. What it sought to secure was a reasonably safe
place for the boat when it should be laid up, and its liability was condi-
tioned thereon. By the terms of the policy, the boat was authorized
to be navigated between Philadelphia, Baltimore, and New York.
If she lay at any time at one side of a pier between these points, in a
sense, and as a physical fact, she would be lying between piers, even
though they were miles apart. In the present case the boat was
lying between piers which were separated by nearly half a mile. If
the policy be construed as contemplating piers situated long distances
apart, then it would necessarily follow that the boat might lie midway
between such spaces, although, at the time when so fastened or

anchored, she would be as liable to injury from ice as though there were no piers on either side. Such a construction of the clause in question would furnish no protection to the insurer whatever, and the exception which it made would be absurd and meaningless. It is manifest that such construction cannot obtain, as its effect would be to furnish no exemption at all from liability on account of ice, and evidently these parties did not contemplate that such were the terms of the contract. By a reasonable construction of the clause in question, it seems to have been intended that when the boat was tied up it should be so situated as to receive shelter from piers upon either side. The physical condition required that the boat should be protected upon one side as well as the other, for, as the tide flowed and ebbed, the boat would be subject to peril from one side or the other; and, when the tide flowed or ebbed upon the exposed side of the boat, a pier situated 2,200 feet away would furnish no protection whatever from such danger, and, if anchored midway between piers miles apart, no shelter to either side would be obtained. The primary purpose was to secure shelter for the boat when liability attached. Manifestly, such a condition was within reasonable contemplation, and, in order to secure it, it would be necessary that the piers be so contiguous to each other as to furnish such shelter to both sides of the boat. It is probably true that the distance which might separate the piers, and still furnish shelter, would be somewhat elastic, and be determined by existing conditions. A case may arise where a question of fact would be presented as to whether the piers between which the boat lay were within the contemplation of the policy, and reasonably furnished the protection for which the contract stipulated. Piers, however, so situated as to be useless in protection of the boat, are in no sense within the terms of this policy. In the present case there was no protection whatever against floating ice from the pier to the south of where the boat laid. Consequently at the time she received the injury she was not within the exception contained in the policy, and therefore no liability attached thereunder for the injury which she received.

· It follows from these views that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.