[No. 7460. Decided April 13, 1909.]

R. S. NORRIS *et al.*, *Respondents*, v. CHINA TRADERS' INSURANCE COMPANY, LIMITED, *Appellant*.[1]

INSURANCE—MARINE INSURANCE—POLICY—MODIFICATION BY PAROL —AUTHORITY OF AGENTS—EVIDENCE—QUESTION FOR JURY. A policy of marine insurance restricting the vessel to navigation in certain waters may be modified by parol by general agents having authority to write insurance, fix rates, collect premiums and adjust losses, where the policy did not require modifications to be in writing; and there was sufficient evidence to make a question for the jury where it appeared that such agents consented to a voyage to prohibited waters, stating that there would be additional premiums to be paid, which the agents collected after notice that the vessel was in the prohibited waters and before notice of the loss of the vessel.

SAME—PLEADING—ISSUES AND PROOF—REPLY SETTING OUT MODIFICATION OF POLICY. In an action upon a policy of marine insurance which had been modified by parol so as to permit a voyage to prohibited waters, it is proper for the plaintiff to allege the effect of the contract without setting it out, and upon an answer setting out parts of the policy and a breach by the voyage, to reply by setting out the original contract and the modification and waiver respecting the prohibited waters.

SAME—POLICY—PROHIBITED WATERS—WAIVER OF DEVIATION—GENERAL AGENTS. There is a waiver of restrictions in a marine policy respecting prohibited waters, where general agents made no objection to the fact that the insured vessel was in the prohibited waters, collected additional premiums therefor, stated that the vessel was insured, and received proofs of loss stating that the loss would undoubtedly be paid.

[1]Reported in 100 Pac. 1025.

Appeal from a judgment of the superior court for King county, Griffin, J., entered February 3, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action upon a policy of marine insurance.   Affirmed.

*Kerr & McCord* and *Eugene E. Childe*, for appellant.

*William Martin* and *Julius L. Baldwin*, for respondents.

MOUNT, J.—This action was brought to recover upon a contract of marine insurance.   The complaint alleged a contract of insurance with the defendant, for the period of one year from June 5, 1905, in the sum of $1,000, upon the gasoline steamer Admiral, against all loss and perils of the sea; that on October 8, 1905, without fault of the owners, the vessel was lost; that the plaintiffs complied with all the terms of the contract; and that the defendant neglected and refused to pay the amount of the insurance.

The defendant answered, admitting the execution of a policy of insurance for the sum of $1,000 upon the vessel on the date named, and the loss of the vessel, and alleged that the policy contained the following stipulation:

"The insured in accepting this policy hereby binds himself or themselves according to the following agreements and stipulations:   .   .   .   4.   Not to use any ports or places on the east coasts of Asia north of Shanghai, nor islands adjacent thereto, except ports of Japan.   .   .   .   B.   The insured vessel to be employed in navigating in Puget Sound, British Columbia and Alaskan waters.   Permitted to use ports in places in Alaska not north of Kotzebue Sound, principally trading between Nome and Cape Prince of Wales;"

that the vessel deviated from the waters wherein she was insured, and was lost in prohibited waters, viz., at Whalen, in the Arctic Ocean, on the north coast of Siberia, and therefore that there is no liability under the policy.   Other defenses were also alleged in the answer, but they are not now insisted upon.   The reply admitted the provision above quoted in the original policy, but alleged a subsequent modification and waiver thereof, to the effect that the vessel might

make a voyage to some point in Siberia; that the vessel was lost in waters not prohibited. The case was tried to the court and a jury, verdict was returned in favor of plaintiffs for the amount of the policy, and judgment was entered thereon. The defendant appeals from that judgment.

Several errors are assigned, but they are all presented under three heads, as follows: (1) That there were no facts proven sufficient to sustain the verdict; (2) that the court erred in admitting evidence of an oral authority from the agents of appellant, permitting a voyage to Siberia; and (3) that the court erred in directing the jury to the effect that, if they found that the appellant had made an oral agreement waiving the limitation contained in the written policy without additional premium, a verdict might be returned in favor of the respondents.

The facts are as follows: The respondents were the owners of the gasoline vessel Admiral. On June 5, 1905, the appellant executed a policy of marine insurance in the sum of $1,000, insuring the vessel against loss for the period of one year from that date. This policy contained the provisions above quoted, restricting her to the navigation of certain waters. The policy was issued by J. M. E. Atkinson & Co., of Seattle, who were general agents of the appellant, authorized to write policies, fix rates, collect the premiums, and make settlement for losses. About the time the policy was written, the vessel left Seattle for Nome, Alaska. She made several trips between Nome and Cape York, on the western coast of Alaska.

Some time in the latter part of August, 1905, the owners desired to send the vessel with a cargo to some point across Bering Strait, on the coast of Siberia. They did not at that time know the exact destination. One of the owners went to the general agents of appellant who had issued the policy, and stated that they desired to send the vessel over to Siberia, and inquired if she would be covered by insurance. He was informed by the general agent that the vessel would be cov-

ered by insurance. The agent, however, testified that such a conversation took place, but that he stated there would be a small additional premium, depending on the ports the boat might make. The respondents paid no additional premium, but relied upon the belief that the vessel was, or would be, insured for the Siberian waters. Thereafter, on September 10, the vessel cleared from the port of Nome, laden with a cargo of merchandise consigned to one Petrof Orloff, at Chaun Bay, in Siberia, a bay about four hundred and eight miles from Nome, on the north coast of Siberia.

The vessel proceeded on her voyage, and arrived off East Cape, Siberia, on September 11, 1905. She proceeded westward along the north coast of Siberia until she arrived at Cape Shelagin, the entrance to Koliuchin Bay, where she cast anchor and remained five days. Encountering floating ice and heavy seas, she turned back to Nome, and proceeded on her return voyage easterly along the Siberian coast until October 6, 1905, when she cast anchor off East Cape Village, Siberia. The wind becoming adverse, she was removed to Whalen, on the north side of East Cape. While lying there, the engineer disappeared, or was lost, and no one on board could start the gasoline engine. On the morning of October 8, 1905, a strong wind sprung up and drove the vessel on shore, and she was totally lost, together with her cargo. The crew of the vessel was saved, but was compelled to spend the winter with the natives at that place.

In the meantime, Mr. Norris, one of the owners, reported the voyage to the agency of appellant at Seattle, and also the absence of the vessel, and was informed that the vessel was covered by insurance. Subsequently, in November and December, 1905, and on April 20, 1906, Mr. Norris paid the premiums due on those dates, after it was known that the vessel was within Siberian waters. Afterwards, when the crew returned, the loss was reported and proofs of loss were made to the insurance company, but payment of the policy was subsequently refused upon the ground that the vessel, by

the terms of the policy, was not permitted to sail in Siberian waters.

We have no doubt that the vessel at the time she was lost was outside of the waters designated in the written contract, and the rule of law is that, where a vessel is insured to navigate in certain waters and makes a voyage outside of those waters without permission of the underwriters, such voyage is a deviation, and for a loss accruing while the vessel is making such deviation, no recovery can be had upon the policy. But the claim made here is that the written contract was, subsequent to its execution and prior to the loss, modified so as to permit the voyage upon which the vessel was lost. There was evidence to the effect that the agents of appellant authorized the modification. It is not claimed that the agents had no authority to do so. They were general agents, with general authority to write insurance, fix rates, collect premiums, and adjust losses. They appear to have had full and complete authority in the matter. While the agents denied that any deviation was permitted, there was, we think, ample evidence to go to the jury upon that point. There was evidence to the effect that it is the rule to attach written slips to a policy showing any changes agreed upon, and that it was customary to charge an increased rate for such changes, and especially where the voyage extends to several ports. There is no provision, however, in the policy that any modification thereof must be in writing, and there is no statute in this state providing that contracts of this character must be in writing. The general rule is that, "A policy may be altered or modified by the consent of both parties and subject to the same exceptions as in the case of other contracts, and the restrictions, if any, imposed by statute. The alteration and modification may be by parol agreement." 26 Cyc. 610; *Thompson v. Germania Fire Ins. Co.*, 45 Wash. 482, 88 Pac. 941; *Long v. Pierce County*, 22 Wash. 330, 61 Pac. 142. Under this rule, the parties were at liberty to alter the contract if they so desired. Whether they actually did so or

not, was a question of fact, and we think the evidence was amply sufficient to go to the jury upon that question.

The appellant objected to the introduction of any evidence tending to show modification of the written agreement, upon the ground that the action was based upon a written contract, and not upon a modified contract; and for the further reason that the modification claimed was an attempt to vary the terms of a written contract. While it is true that the action was based upon an alleged contract, the complaint did not set out the contract *in haec verba*, but alleged the effect of the agreement without setting it out. The answer set out certain parts of the policy, and alleged a breach of certain conditions. The reply thereupon admitted the making of the original contract, and then alleged a modification and waiver with reference to the prohibited waters. We think this was proper pleading and, under the rule above stated, that the contract could be proved by parol without being subject to the rule that it varied the terms of the written contract. The modification was a subsequent contract, and not a variation of the terms of the original written contract. The rule that parol evidence is not admissible to contradict or vary the terms of a written contract, does not apply to a subsequent modification or waiver of the terms of the written contract. *Viele v. Germania Ins. Co.*, 26 Iowa 9, 96 Am. Dec. 83, and cases there cited. We are satisfied that the appellant, by its general agents, even if it did not actually consent to a modification of the original contract, waived the provision limiting the waters in which the vessel should be permitted to navigate. This provision was for the benefit of the appellant, and it might waive it if it so desired. *Viele v. Germania Ins. Co., supra.* After the agents knew that the vessel had gone into Siberian waters, they made no objection thereto; but thereafter received three payments of premium under the policy. They stated to the respondents that the vessel was covered by insurance. They received proofs of loss, and thereafter stated to respondents that they

had no doubt the loss would be settled. We think this clearly shows a waiver of the conditions of the policy. It was not necessary that the money consideration should be paid at the time.

What we have said above is conclusive of the questions presented upon the instructions. We find no error in the record, and the judgment must therefore be affirmed.

FULLERTON, MORRIS, GOSE, PARKER, DUNBAR, CROW, and CHADWICK, JJ., concur.