## Fidelity & Casualty Company of New York v. Palmer Hotel Company.

(Decided February 26, 1918.)

### Appeal from McCracken Circuit Court.

1.  Insurance—Elevator Liability Insurance—Construction of Policy.— Where a liability insurance contract, indemnifying the proprietor of a building against elevator accidents, stipulated for exemption from liability in case the elevator at the time of the accident was being operated by a boy under the age fixed by law for elevator attendants, the insurance company was not liable to the insured for damages paid to a passenger who was injured on account of a structural defect in the elevator while it was being operated by a boy within the prohibited class.

2. Insurance—Elevator Liability Insurance—Construction of Policy.—Where a contract exempts the company from liability if the elevator at the time of the happening of the injury complained of is being operated by a boy within the prohibited age, it is immaterial what cause produced or brought about the accident or injury, or whether it was caused by some act of omission or commission on the part of the elevator attendant or by some defect in the elevator.

MOCQUOT & BERRY for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Palmer Hotel Co., operated a hotel in Paducah, and there was issued to it by the appellant company a contract of insurance by which it obligated itself to indemnify the hotel company against loss occasioned by damages it might sustain on account of injury or death suffered by any person while a passenger in its elevator, subject to conditions that will be later noticed.

While the contract was in force a passenger in the elevator sustained personal injures which were caused by structural defects in the elevator and not by the negligence of the operator, and brought suit against the hotel company to and did recover damages. Thereafter, the hotel company brought this suit against the Fidelity & Casualty Co. on its contract of insurance to recover the amount it had paid to the injured passenger. The Fidelity & Casualty Co. defended the suit upon the ground that at the time the passenger was injured the elevator was being operated by an employe of the hotel company who was under sixteen years of age and consequently it was exempt from liability by the stipulations in the contract of insurance which in the insuring clause provided that:

"The Fidelity & Casualty Company of New York (hereinafter called the Company) does hereby agree (1) to indemnify the person, firm, or corporation, named in statement 1 of the schedule of statements and herein called the assured, against loss from the liability imposed by law upon the assured, for damages on account of bodily injuries or death suffered within the premises designated in statement 4 of the said schedule, as the result of an accident occurring while this policy is in

force, by any person or persons while in the car of any elevator described in the statement . . . subject to the following conditions. . . .

"(B) This policy does not cover loss from liability for, or any suit based on, injuries or death suffered or caused by (1) any minor hired by the assured contrary to law or any minor while performing any work contrary to law: (2) any child under fourteen years of age employed by the assured in any state in which there is no law restricting the age of employment in the assured's trade or business: (3) any person who is in charge of or is operating an elevator and is under the age fixed by law for elevator attendants, or any person in or about any elevator while operated by or in charge of any person under the age fixed by law for elevator attendants: (4) any person who is under eighteen years of age and is in charge of or is operating an elevator in any state in which there is no law restricting the age of elevator attendants, or any person in or about any elevator while operated by or in charge of a person under eighteen years of age in any such state."

On a trial of the case in the lower court there was a judgment for the full amount claimed in favor of the hotel company, and the Fidelity & Casualty Co. appeals.

It is admitted that the employe of the hotel company who attended the elevator and was operating it at the time the accident to the passenger occurred was under the age fixed by law in this state for elevator attendants, and so it will be seen that the question presented on this record is purely one of law, depending on the proper construction of paragraph "B" in the contract heretofore quoted and especially clause three thereof.

Referring again to the contract, it will be noticed that the Fidelity & Casualty Co. obligated itself to indemnify the hotel company against any loss suffered by it as a result of an accident to any person while in the car of its elevator, but provided that "This policy does not cover loss from liability for, or any suit based on, injuries or death suffered or caused by . . . . (3) any person who is in charge of or is operating an elevator and is under the age fixed by law for elevator attendants, or any person in or about any elevator while operated by or in charge of any person under the age fixed by law for elevator attendants."

For the hotel company the argument is made that paragraph "B" should be construed to exonerate the insurance company from liability only in a suit brought to recover damages for injuries or death suffered (1) by a minor hired by the assured contrary to law or while performing any work contrary to law; or (2) by any child under fourteen years of age employed by the assured in any state in which there was no law restricting the age of employment; or (3) by any person under the age fixed by law for elevator attendants; or (4) by any person in charge of or operating an elevator who was under the age of eighteen in a state in which there was no law restricting the age of elevator attendants. In other words, the contention is that the purpose of the insurance company in this paragraph was to relieve itself from liability in a suit to recover damages for injuries or death sustained by any infant of the class described in the paragraph who was injured or killed while operating an elevator or employed by the hotel company, and should be so construed. The further argument is made that to construe this paragraph so as to exempt the company from liability for injuries or death suffered by an adult passenger on the elevator solely because at the time of the accident it was being operated by or in charge of one of the prohibited class would be putting into the paragraph a meaning that it is not fairly susceptible of, although it is conceded that by interpolating or omitting certain words in the paragraph it might reasonably be construed to exempt the insurance company from liability for damages on account of injuries suffered by a passenger in the elevator while it was in charge of or being operated by one of the prohibited class.

On the other hand, counsel for the insurance company say paragraph "B" in connection with clause three should be construed as if it read, "This policy does not cover loss from liability for, or any suit based on, injuries or death suffered by  .  .  .  (3) any person in or about any elevator while operated by or in charge of any person under the age fixed by law for elevator attendants," and that accordingly the insurance company was not liable on its contract to indemnify the hotel company for the damages it was required to pay to the passenger who was injured in the elevator.

The contract could perhaps have been simplified and made plainer if the exemption from liability, on account of an accident to any person riding on the elevator when it was in charge of or being operated by any person under the age fixed by law for elevator attendants, had been put in a separate clause; but we think this exemption feature as written in paragraph "B" was sufficiently clear to advise the insured that the policy did not cover accidents to passengers while the elevator was being operated by or in charge of any person under the age fixed by law for elevator attendants. To give to the contract the construction contended for by counsel for the hotel company would necessarily result in striking from paragraph "B" the words "or any person in or about any elevator while operated by or in charge of any person under the age fixed by law for elevator attendants," and this we do not feel authorized by any rules of construction to do.

Paragraph "B," which contains only four short clauses, could not very well be read by any person of ordinary intelligence without understanding and appreciating the meaning of the sentence here in question. Evidently it was the intention of the draftsman of this paragraph to exempt the insurance company from liability not only for all accidents that might happen to any minor within the prohibited age while in charge of or operating an elevator, but to exempt it from liability for all accidents that might happen to any person riding on the elevator while operated by or in charge of such minor; and the reason doubtless for the insertion of this exemption clause was that minors within the prohibited age are not likely to be as prudent or as careful as older persons or as apt to discover or call attention to or correct defects in the elevator or parts of it that might get out of repair. But whatever the reason for its insertion, it is in the contract, and the insurance company had the unquestioned right to insert as many exemption clauses as it thought proper to do.

A further argument is made by counsel for the hotel company that as the accident and resulting injury suffered by the passenger who recovered damages from the hotel company was due to a structural defect in the elevator and not to any fault or negligence on the part of the operator, the insurance company should not be allowed to escape liability under the contract.

But if we should attempt to adopt this construction we would be at once confronted by the words of the contract exempting the insurance company from liability for "injuries to any person in or about the elevator while operated by or in charge of any person under the age fixed by law for elevator attendants." So that giving to these exempting words their ordinary meaning and such meaning as they would have in common, everyday usage, it makes no difference what cause brought about the accident or injury, or how it happened. The exemption clause is sweeping in its terms, and the only fact necessary for the insurance company to establish to make the exemption from liability effective is to show that the elevator at the time the injury complained of happened was operated by or in charge of a person under the age fixed by law for elevator attendants. The exemption of the company from liability does not depend on the fact that the injury was caused or brought about by some act of omission or commission on the part of the elevator attendant, but on the fact that a prohibited elevator attendant was operating or in charge of the elevator. When the elevator is being operated by a prohibited attendant it is wholly immaterial what cause produced or brought about the accident or injury or death to the passenger.

We have laid down in a number of cases certain generally accepted rules applicable in the construction of insurance contracts which are thus stated in Spring Garden Ins. Co. v. Imperial Tobacco Co., 132 Ky. 7, where the court said:

"The companies had the unquestioned right to insert as many reasonable provisions in the policy exempting them from liabilty as they thought proper or necessary. We know of no rule of law that denies to insurance companies this privilege. They may limit the amount of insurance they will offer, may limit the species of property they will insure, may provide reasonable conditions that the insured must observe, as well as conditions that will in certain states of case operate as a forfeiture of the policies or waiver of the right of the insured to recover upon them, and may protect themselves from loss resulting from causes that they do not desire to offer indemnity against. Why, then, should these words by which the companies undertook to limit their liability be stricken from the policies or

ignored in their construction? They are not obnoxious to any principle of law or public policy. They are not surplusage. They are not in conflict with any other provisions in or words of the policies. They may be read harmoniously in connection with the other and subsequent clauses, and, when so read, become a material, intelligible part of the contract.

"They were inserted for a purpose, intended to have a meaning, are not of doubtful or uncertain import, and, when fairly and reasonably applied, they exempt the companies from loss by fire when the fire is caused by riot. In the construction of policies the same rule obtains as in the construction of other contracts, with the exception that a policy will be construed in favor of the insured so as not to defeat, without plain necessity, his claim to the indemnity which in taking the insurance it was his object to secure; and, when the words are fairly susceptible of two interpretations, that which will sustain his claim and cover the loss must by preference be adopted. It may also be said that ambiguities, and words, sentences, or clauses of doubtful meaning, will be construed against the insurer; and this for the reason so often declared that the companies themselves prepare the policies with great care and deliberation, and, as the insured has no election except to accept them as prepared and presented to him, it is fair that they should be construed most strongly against the insurer and most liberally in favor of the insured, so that the purpose for which the insurance was obtained may be effectuated, if this can be done without doing violence to the contract. It is also a familiar principle, everywhere recognized in the construction of contracts, including contracts of insurance, that the intention of the parties is to be gathered from an inspection of the entire instrument; and that all parts of it, and all words employed, should be given meaning and effect, if this can be done."

Adopting this view of the manner in which an insurance contract should be looked at by the court, we see no escape from the conclusion that the clause in question exempted the insurance company from liability and therefore the judgment is reversed, with directions to dismiss the petition.