YOUNGQUIST, Respondent, vs. L. J. DROESE COMPANY, Appellant.

*May 3—May 21, 1918.*

*Master and servant: Liability for servant's tort: Scope of employment: Bonded carriers: Departure from licensed route.*

1. A master is not liable for the tort of a servant unless the servant was acting within the scope of his employment when the tort was committed.

2. A driver employed to operate a jitney bus which was licensed to run only on a certain route, and who had been specifically instructed not to vary from that route, was not acting within the scope of his employment when, without the employer's knowledge or consent, he departed from such route to take a passenger to his home; and the employer is not liable for an injury to such passenger caused by negligence of the driver while so off from the route.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action for damages begun in the civil court of Milwaukee county. In the fall of 1915 the defendant was operating a licensed Ford jitney bus in the city of Milwaukee. Its route was Fond du Lac avenue. On November 3d of that year plaintiff, who lived on the Port Washington road outside the city of Milwaukee, hired Meyer, the driver of the jitney bus, to take him from the corner of Twentieth and Hadley streets in Milwaukee to his home, and paid him one dollar for the

service.   On the way home plaintiff was injured by the bus running into an excavation in the Port Washington road. Meyer was engaged by the defendant as driver of the bus and was paid for his services fifty per cent. of the fees collected. It appears from the evidence that he occasionally deviated from his route and that he had before driven the bus out to plaintiff's home several times.   It does not appear, however, that the defendant knew of such deviation from the route, and it is in evidence that once the defendant cautioned Meyer not to deviate therefrom.   The jury by a special verdict found: (1) That in undertaking to carry plaintiff to his home on the Port Washington road the driver was acting within the general scope of his employment; (2) that the driver failed to exercise ordinary care in managing and operating the automobile at and just prior to the injury; (3) that such failure to exercise ordinary care was the proximate cause of the injury; (4) that plaintiff was free from contributory negligence; and (5) that he sustained damages in the sum of $250.   Judgment in favor of plaintiff was entered upon the special verdict.   Defendant appealed to the circuit court, and from a judgment of that court affirming the judgment of the civil court it appealed to this court.

Arthur H. Koenitzer of Milwaukee, for the appellant.

For the respondent there was a brief by Joseph G. Hirschberg, attorney, and Horace B. Walmsley, of counsel, both of Milwaukee, and oral argument by Mr. Hirschberg.

VINJE, J.   If defendant's contention that there is no evidence to show that the driver, Meyer, was acting within the scope of his authority in taking plaintiff out on the Port Washington road is well taken, then the other errors complained of become immaterial.   It is undisputed that defendant had a license to run a jitney bus on Fond du Lac avenue and nowhere else.   There is evidence to show that the driver had several times previous to the injury to plaintiff been out to the home of the latter with the jitney bus, but no evidence

to show that defendant knew of such fact and nothing to charge it with notice thereof.    Mr. Droese, on behalf of defendant, testifies that he did not know that the driver went out of his route; that about three days prior to the accident he learned that Meyer had taken a Mr. Roberts outside of the route, and that he then told Meyer that he was not allowed to go outside of the route.    He denies positively that he knew Meyer had been out on the Port Washington road, and he refused to receive the dollar paid by plaintiff for the trip, though that refusal was after he learned of the injury to plaintiff.    It is in evidence that sometime in October the driver gave plaintiff a card stating: "Call for George Meyer, driver, Kilbourn 2100, L. J. Droese, 2010 Fond du Lac Avenue."    This we do not deem very significant because it fails to show it was done with defendant's knowledge or consent.    Such cards may have been used on the route with defendant's consent, but there is nothing to show any authority to use them elsewhere.

It is elementary that in order to hold a master liable for the tort of a servant the latter must have been acting within the scope of his employment. when the tort was committed. The employment of the driver in this case was to run a jitney bus on Fond du Lac avenue.    Neither the servant nor master had any license to run elsewhere.    That was the only route permitted by the license; that was the route the defendant directed the driver to follow, and that was the only route it believed or had reason to believe he did follow.    He was specifically instructed not to vary from it.    It is needless to consider defendant's liability in a case where he knew his servant departed from the route, for this is not such a case. Upon the whole evidence we are convinced that there is no basis therein for the finding of the jury that Meyer was acting within the scope of his employment in taking plaintiff to his home at the time of his injury.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.