### INTERSTATE CASUALTY CO. OF BIRMINGHAM v. MARTIN et al.
#### (No. 690.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 1921.)

**Insurance** ⊚⇒435—**Indemnity bond given for specified jitney route covers that route only.**

Under casualty bond, required by ordinance, covering an automobile in jitney service on a certain specified city route, there was no liability for death caused by the automobile two blocks away from and off the specified route, while the automobile was not being operated in the jitney service; the provisions of the ordinance, license, and bond authorizing the use of the automobile on the specified route constituting a limitation on the promise to pay.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Charles Martin against the Interstate Casualty Company of Birmingham and another. From judgment for plaintiff, the named defendant appeals. Reversed and rendered.

Vinson, Elkins & Wood, and W. A. Parish, all of Houston, for appellant.

McGehee & Dillard, F. Chas. Hume, and H. C. Gerlack, all of Houston, for appellees.

O'QUINN, J. This suit was instituted in the district court of Harris county, Tex., by Charles Martin, against the Interstate Casualty Company and Fred Martin, for damages on account of the death of the minor son of the plaintiff, which was caused by being struck by an automobile belonging to defendant Fred Martin; said accident occurring on Hardy street in the city of Houston.

Plaintiff alleged that at the time of the accident defendant Fred Martin was the owner of and engaged in the business of operating a certain Ford automobile for transportation of persons, as passengers, for hire in what is known as the jitney service, in the city of Houston, and that while said automobile was being operated by Luron Whatley, who was then and there the servant and employé of defendant Fred Martin, along and over what is known as Hardy street in the said city of Houston, the said car was negligently run upon and over Roy Martin, the eight year old minor son of plaintiff, causing his death; that said Luron Whatley, servant and employé of said Fred Martin, was operating said automobile on a public highway at a reckless and dangerous rate of speed, and at a greater rate of speed than was allowed under the ordinances of the said city of Houston, by reason of which he was guilty of gross negligence. Plaintiff further alleged that defendant Interstate Casualty Company had executed a bond in compliance with the ordinances of the city of Houston covering said car while being operated in the jitney service, obligating it to respond in

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

damages that might be suffered by any person by reason of the wrongful or negligent operation of said automobile while in the jitney service, and predicated his liability against said company on account of said bond.

The defendant Fred Martin answered by general demurrer, general denial, and special plea of contributory negligence. Defendant Interstate Casualty Company answered by general demurrer, general denial, and special plea of contributory negligence, and further specially pleaded:

"(a) That the application made by defendant Fred Martin to the city of Houston was to operate a jitney on what is known as the Montgomery route in the city of Houston; that the policy sued upon in this case was issued to Fred Martin based upon the fact that he would operate the jitney over the said Montgomery route, and that the liability of the Interstate Casualty Company was limited in accordance with the terms of said policy to accidents occurring while the said jitney was being operated on the said Montgomery route; and that the policy so recited that it only covered the operation of said car while the same was being operated in the jitney service on the Montgomery route.

"(b) That the accident involved in this suit did not occur on the Montgomery route, or any part of the route known and designated as the Montgomery route; that it occurred on Hardy street, and that the said Hardy street, where the said accident occurred, is no part of what is known as the Montgomery route designated for jitney service.

"(c) That by reason of special provision of said policy and the ordinance of the city of Houston, the policy became null and void upon the operation of the car covered thereby over any route other than the one designated by the city of Houston; that it was never contemplated by the said policy, or by the city ordinance under which the said policy was written, that there should be any liability on the part of the Interstate Casualty Company for any accident occurring unless the accident sued upon occurred while the car was being operated over the particular route designated in the policy, in the schedule of warranties attached thereto, and in the said application; that the car at the time of the accident was not then in the jitney service, was not on the Montgomery jitney route; and that therefore there was no liability on the part of the Interstate Casualty Company.

"(d) That by the express terms and provisions of the policy and the fact that the accident occurred off of the Montgomery route, there is no liability on the part of the Interstate Casualty Company on said policy."

The case was tried before a jury upon special issues, all of which the jury answered in plaintiffs' favor except one. Motions were duly filed by the defendants for judgment in their favor, which were overruled by the court and judgment entered in favor of plaintiff against Fred Martin in the sum of $2,917, the amount of damages found by the jury, and against the Interstate Casualty Company for the sum of $2,500, the limit of its liability, said judgment providing that execution should first issue against defendant Fred Martin, and if the judgment was paid then no execution should issue against the defendant Interstate Casualty Company, but if the execution was returned nulla bona, then execution should issue against Interstate Casualty Company for the satisfaction of the judgment to the extent of $2,500. Motions were also filed by defendants, before judgment was entered on said special issues, to set aside the verdict of the jury and grant a new trial, which were by the court overruled. Motion for new trial was duly filed by defendants, and also overruled by the court, to all of which rulings of the court and judgment the defendant Interstate Casualty Company alone has appealed, and the case on behalf of said defendant is properly before us for review. There is no brief for appellees.

Appellant presents four assignments of error, all raising the following proposition of law:

"The liability of the Interstate Casualty Company being predicated and dependent upon the operation of a particular jitney car in the jitney service over a designated route, which in this instance was the Montgomery Avenue route in the city of Houston, and the evidence showing without dispute that the accident involved in this suit occurred off of the Montgomery jitney route and while the car was not being operated in the jitney service, there was clearly no liability on the part of the Interstate Casualty Company on its bond, and the court should have so held."

In the language of appellant, in considering these assignments, it is necessary that we bear in mind the following matters:

(1) The right of the jitney involved in this case to be operated over the streets of Houston depended upon the city ordinances of the city of Houston. These ordinances provided that an application must be made to the city council for a license to operate a jitney, and in the application the applicant must state over which route the jitney was to be operated.

(2) The ordinances further provided that the city council should from time to time specify and designate said routes, to operate over which permits would be granted.

(3) The city ordinances further provided that before a jitney would be granted a permit, it must file a bond similar to the one issued in this case by the Interstate Casualty Company.

(4) The undisputed evidence in this case showed: (a) That the defendant Fred Martin complied with the city ordinances by filing application for a permit to operate a jitney; (b) that in this application and permit granted thereon, the Montgomery route was designated as the line over which the jitney would be operated; (c) that the bond sued upon in this case was issued by defendant Interstate Casualty Company to the defend-

ant Fred Martin in compliance with the requirements of the ordinances.

(5) The bond issued by the defendant Interstate Casualty Company provided in the "Schedule of Warranties" that the kind of work for which the automobile was to be used was jitney service on the Montgomery route; and further provided, in subdivision 9 of the Schedule of Warranties, as follows:

"No automobile is to be rented or used to carry passengers for hire except as follows: *Jitney service only on route specified above.*" (Italics ours.)

Appellant contends that as the undisputed evidence showed that the accident occurred while the jitney was not on the Montgomery route, then the Interstate Casualty Company was not liable because the bond it had issued provided that it was to cover the jitney while being operated on the Montgomery route, and no other, and therefore the question to be determined is one of law, and that the rights of the defendant Interstate Casualty Company should be passed on solely in accordance with the contract made by it as evidenced by the terms of its bond, and that since the bond was issued in compliance with the city ordinances, said city ordinances should be read into and become a part of said bond.

We believe that the contention of appellant is sound, and that the assignments should be sustained. There is no dispute as to the facts. They show that the city of Houston, by ordinance, had regulated the operation of jitneys within its bounds; that said city, under the provision of said ordinance, was divided into jitney routes, each specifically numbered and set out by metes and bounds; that defendant Fred Martin had applied for and received license from the city to operate a jitney on and over route 5, known as the Montgomery route; that said route embraced no part of Hardy street, but that the point on Hardy street where the accident occurred was two blocks distant from said Montgomery route; that the jitney, at the time of the accident, was not engaged in carrying passengers for hire, in fact had no passenger, but that at said time the driver was riding to his line from breakfast with the jitney sign covered; that defendant Interstate Casualty Company's bond specifically provided that the policy, or bond, was issued to cover the operation of the automobile named and numbered therein, and no other, and it was expressly stipulated that no other vehicle would be substituted or operated under said numbers, nor would any change be made in the route mentioned in the application for license without the written consent of the Public Service Commissioner of the City of Houston, and the written indorsement permitting said change duly authorized by the agent signing the policy, or others authorized to do so, and indorsed on said policy, otherwise said policy to become null and void.

There was no evidence that any change had been made in the Montgomery route, and, indeed, no such claim was made, but that it remained as first set out in said ordinance. The application was for license to operate a jitney on and over the Montgomery route between the hours of 6 to 8 a. m., and 11 a. m. to 1 p. m., and 4 to 6 p. m., and the license granted by the city was for the operation of a jitney on and over the Montgomery route during the hours mentioned. The bond executed by the defendant Interstate Casualty Company covered damages growing out of the operation of the named jitney on and over the Montgomery route; while plaintiff alleged, and the proof showed, that the accident occurred on Hardy street, at least two blocks away from and off of the Montgomery route, and at an hour of the day not set forth in the application and license.

That being the undisputed evidence, the contention of appellant must be sustained, for to do otherwise would be to ignore and set aside the solemn terms of a contract made in consonance with law, and to read into it conditions and liabilities never agreed to nor contemplated by the parties to the contract. Milliron v. Dittman, 180 Cal. 443, 181 Pac. 779; Youngquist v. Droese Co., 167 Wis. 458, 167 N. W. 736; Insurance Co. v. Krenek, 144 S. W. 1181; Norris v. China Traders' Ins. Co., 52 Wash. 554, 100 Pac. 1025; Western Indemnity Co. v. Industrial Accident Commission (Cal. App.) 185 Pac. 306; Elder v. Federal Ins. Co., 213 Mass. 389, 100 N. E. 655; Orient Ins. Co. v. Van Zant-Bruce Drug Co., 50 Okl. 558, 151 Pac. 323; Hartigan et al. v. Casualty Co. of America, 227 N. Y. 175, 124 N. E. 789; Royalty Indemnity Co. v. Schwartz, 172 S. W. 581; Fidelity & Casualty Co. v. Palmer Hotel Co., 179 Ky. 518, 200 S. W. 923, L. R. A. 1918C, 808; Mannheim Ins. Co. v. Charles Clarke & Co., 157 S. W. 291; Huntley v. Providence Washington Ins. Co., 77 App. Div. 196, 79 N. Y. Supp. 35; Harris v. St. Paul Fire & Marine Ins. Co. (Sup.) 126 N. Y. Supp. 118; Langworthy v. Oswego & O. Ins. Co., 85 N. Y. 632.

The written policy or bond, which constitutes the contract of appellant, declares that appellant insures against loss from liability imposed by law upon assured for damages caused by or resulting from the use of the automobile in question, while being operated in the jitney service on the Montgomery route. It seems clear to us that the provisions of the ordinance, license, and bond authorizing the use of the car in the jitney service on the Montgomery route, only, constitutes a limitation on the promise to pay, and that, unless the accident occurred and the damage arose on the Montgomery route, and while the jitney was being operated as such, appellant is not liable. Suppose the city ordinance of the city of Houston had not divided the city into routes, but had

simply provided for the licensing of jitneys to operate within the city limits, and that appellant had issued its policy or bond covering damages growing out of the operation of the jitney within the limits of the city; and then suppose that the jitney in question had gone without the city limits and while outside the city limits had run over and killed the child—would or could there be any contention that appellant was liable by reason of its bond covering operations within the city limits? Certainly not. Then how does the supposed case differ in principle from the case at bar? In the supposed case the ordinance provided for the licensing of jitneys to operate anywhere within the city limits, and the bond was given to cover operating within the city limits, the damage occurring without the city limits. In the instant case the city ordinance divided the city into jitney routes, numbering and describing each by metes and bounds, just as the city is described by metes and bounds, as a whole. License was granted, under the ordinance, to operate a jitney within the limits of the route named in the application, and the bond covers operations within said route, only, and the damage occurred outside of the limits of the route named. We can conceive of no difference, and since there could be no liability in the supposed case, there certainly can be none in the instant case.

There are other assignments, but we do not deem it necessary to discuss them. Believing that under the pleadings and the facts no liability was shown against appellant, we reverse the judgment and here render the judgment that should have been rendered by the court below, that plaintiff take nothing as to the defendant Interstate Casualty Company.

Reversed and rendered.