## MARYLAND CASUALTY CO. v. TEXAS FIREPROOF STORAGE CO.

### No. 1475.

Court of Civil Appeals of Texas. Waco.
March 1, 1934.

Rehearing Denied April 5, 1934.

Jos. W. Hale and Geo. Clark, both of Waco, for appellant.

Gene Maddin and Tirey & Tirey, all of Waco, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, Texas Fireproof Storage Company, against appellant, Maryland Casualty Company, to recover the sum of $600 claimed by appellee under the terms and provisions of a policy of indemnity insurance issued to it by appellant. Appellee alleged that the sum sued for was paid by it in compromise and settlement of three damage suits brought against it by certain parties who had sustained personal injuries as the result of the negligence of its employees in the discharge of the duties of their employment. Appellee alleged that under the terms of its said policy, appellant was obligated to reimburse it for the sum so paid. Appellant alleged that the accident which caused such damages was not covered by the terms of appellee's policy. The case was tried by the court without a jury and judgment rendered in favor of appellee against appellant for the sum so sued for. There was little, if any, contradiction in the testimony. The court, at the request of appellant, filed rather elaborate findings of fact and conclusions of law.

Opinion.

Appellant presents numerous assignments of error assailing the judgment of the court on the ground that appellee's policy did not cover the accident in which the several plaintiffs in the suits compromised and settled by it sustained their injuries. Said policy, in item IV (a), recited that the business conducted by appellee was a warehouse; that the same was located at 219–227 South Eleventh street in Waco; and that said premises had a total street frontage of 296 feet. The principal obligation assumed by appellant under the terms thereof was expressed as follows:

"Maryland Casualty Company of Baltimore, in consideration of the premium herein provided, does hereby agree with the assured named herein, subject to the limitations, conditions and exceptions hereof as follows:

"General Insuring Agreements—Section I.

"I. To insure said named assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom,

accidentally suffered or alleged to have been suffered by any person or persons not employed by the assured, while within or upon the premises described in Item IV (a) of the Schedule of the Statements hereof or upon the sidewalks or other ways immediately adjacent thereto, (and elsewhere, if caused in the course of their employment by employees of the assured engaged as such at said premises, but who are required in the discharge of their duties to be from time to time at other places)."

Subdivisions II to VI, inclusive, of said section of the policy are not material to the issue under consideration. Subdivision VII of said section was in part as follows:

"This policy does not cover: * * *

"(6) any accident caused directly or indirectly by any automobile vehicle or by any draught or driving animal or vehicle owned or used by the assured or by any employee of the assured in charge thereof, unless such accident shall occur upon the premises specifically described in Item IV (a) of the Schedule hereof or on the public ways immediately adjacent thereto;

"(7) any accident caused directly or indirectly by the consumption, use, installation, removal, repair, change or demonstration, elsewhere than at the premises specifically described in Item IV (a) of the Schedule hereof, of any goods, article or product manufactured, handled or distributed by the assured."

The court found, in substance, that the accident in which the several plaintiffs in the suits compromised and settled by appellee sustained their injuries, did not occur on the premises described in the policy aforesaid, nor on the sidewalks or ways immediately adjacent thereto, but that the same occurred on North Fourth street in Waco at a point about thirty-three city blocks from such premises; that said accident arose out of the execution by appellee of a contract to transport certain 8-inch iron water pipe from a depot in the city of Waco and distribute the same and to end along said street; that the injuries sustained by said plaintiffs resulted from the collision of the car in which they were riding with such pipe; that appellee's employees engaged in so distributing said pipe were regularly engaged as such at the premises described in the policy when not assigned to such duties as took them away from such premises. The court further found specifically that said accident was caused directly or indirectly by an employee of appellee in charge of one of the automobile trucks owned and used by it, and further, that such accident

was caused directly or indirectly by the installation, removal, and change of goods and articles being handled and distributed by appellee.

The court concluded as a matter of law that paragraphs (6) and (7) of subdivision VII of section I of said policy, as above recited, if effective, would, under the findings aforesaid, prevent recovery herein by appellee, but further concluded that the same were not effective because they were antagonistic to and in conflict with the provisions of subdivision I of section I of such policy, and, when considered therewith, created an ambiguity. Said paragraphs, as do all the others contained in subdivision VII, purport to except certain particular risks from the general coverage of appellee's policy. The ordinary office of an exception is to take something out of the contract which would otherwise have been included in it. When the meaning of an exception is reasonably certain, it must be given effect, unless wholly repugnant to the provision intended to be limited thereby. 13 C. J., p. 567, § 537; South Texas Mortgage Co. v. Coe (Tex. Civ. App.) 166 S. W. 419, 422, par. 6, and authorities there cited; Palatine Insurance Co. v. Coyle (Tex. Civ. App.) 196 S. W. 560, 563, par. 2, and authorities there cited (affirmed [Tex. Com. App.] 222 S. W. 973). The rule for determining whether a particular provision in a contract or conveyance shall be held invalid on the ground of repugnancy to preceding provisions is carefully stated by Judge Speer in Associated Oil Company v. Hart (Tex. Com. App.) 277 S. W. 1043, 1044, pars. 3 and 4. We quote therefrom as follows:

"Generally, of course, the parties to an instrument intend every clause in such instrument to have some effect and in some measure to evidence their agreement, and this purpose should not be thwarted except in the plainest case of necessary repugnance. In truth, a reservation or exception which is repugnant to the grant is stricken from the instrument for the sole purpose of giving effect to the evident intention of the parties to the instrument. It is an artifice or arbitrary device adopted by the courts to accomplish the wholesome purpose of giving effect to the intention of the parties as gathered from the instrument as a whole. The rule permitting this arbitrary rejection of part of an instrument does not prevail, however, where there is room for construction through reconcilement of the parts. Bearing in mind that reservations and exceptions out of the thing granted are clearly allowed, it is necessarily true, as pointed out in Cravens v. White [73 Tex. 577, 11 S.

828

W. 543, 15 Am. St. Rep. 803], in the nature of things 'there·is more or less repugnancy in the provisions of all deeds in which a part of the, thing embraced in the general description is excepted from the operation of the instrument.' This statement is not absolutely accurate when technically tested, but is abundantly true according to the common understanding. Of course, in law there is no repugnancy if the reservation or exception is explicable without destroying the grant in whole or in part. It merely presents a proper case for construction. Obviously, any disregard of any portion of the deed does violence to the act of the parties in employing such language and will never be resorted to arbitrarily. See Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360, and authorities there cited."

See, also, Koenigheim v. Miles, 67 Tex. 113, 121, 122, 2 S. W. 81; Watkins v. Tucker, 84 Tex. 428, 430, 431, 19 S. W. 570. An insurance company that issues a policy in which its obligation to the insured is expressed in general terms, may ordinarily insert as many clauses excepting particular risks from the general coverage as it sees fit, notwithstanding such obligation, after excluding the risks specifically excepted, may be materially limited in its scope. 1 Couch on Insurance, p. 391; Fidelity & Casualty Company v. Palmer Hotel Co., 179 Ky. 518, 200 S. W. 923, 924, par. 2, and authorities there cited, L. R. A. 1918C, 808; National Life Ins. Co. v. Coughlin, 72 Colo. 440, 212 P. 486, 487, par. 2; Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980, 981; Phoenix Insurance Co. v. Boren, 83 Tex. 97, 18 S. W. 484.

The clause in the policy sued on which obligated appellant to indemnify appellee, as the same has been hereinbefore recited, was expressly made "subject to the limitations, conditions and exceptions hereof." Said obligation, so far as applicable here, was to indemnify appellee against liability for accidents caused by certain of its employees in the course of their employment occurring elsewhere than on the particular premises described in the policy. It was general in its terms, and unless limited by subsequent provisions, embraced all accidents of every kind occurring off the premises, if caused by such employees in the discharge of the duties of their employment. Clearly, the purpose of paragraphs (6) and (7) of subdivision VII was to except from the obligation created by the policy liability for damages arising out of accidents of the particular kinds and classes specified therein. Liability for all other kinds or classes of accidents except those so enumerated remained within the original obligation. Since such obligation was both conditional and general, such exceptions are not repugnant·to the promise of indemnity contained therein but are valid limitations thereof. The·court erred in holding them invalid. See, in addition to the authorities above cited: U. S. Fidelity & Guaranty Co. v. Baldwin Motor Co. (Tex. Com. App.) 34 S.W.(2d) 815, 818, 819; International Travelers' Ass'n v. Yates (Tex. Com. App.) 29 S.W.(2d) 980, 981, pars. 5 and 6; General Accident Ins. Co. v. Hayes, 52 Tex. Civ. App. 272, 113 S. W. 990, 991, 992; Southern Surety Co. v. Hartman (Tex. Civ. App.) 206 S. W. 379, 380, par. 3; Northwestern Casualty & Surety Co. v. Barzune (Tex. Civ. App.) 42 S.W.(2d) 100, 102, pars. 1 and 2; Great Southern Life Ins. Co. v. Kirkpatrick (Tex. Civ. App.) 48 S.W.(2d) 759, 760, par. 2.

The trial court found the existence of every fact necessary to support appellant's contention that the accident in which the several plaintiffs in the suits compromised and settled by appellee sustained their injuries, was not covered by the policy sued on, and erred only in the application of the law to the facts so found. The judgment of the trial court is reversed and judgment is here rendered for appellant. McLendon v. Federal Mortgage Co. (Tex. Civ. App.) 60 S.W.(2d) 324, 326, par. 4 (writ refused).