## TEXAS INDEMNITY INS. CO. v. Mc-LELLAND.

### No. 9538.

Court of Civil Appeals of Texas. San Antonio.

March 20, 1935.

Rehearing Denied April 10, 1935.

Terry, Cavin & Mills and Joyce Cox, all of Galveston, for appellant.

Abney & Whitelaw, of Brownsville, for appellee.

BICKETT, Chief Justice.

This is an appeal by Texas Indemnity Insurance Company from a judgment in favor of A. M. McLelland for $1,205.75, adjudged under an automobile indemnity insurance policy, by reason of the alleged wrongful refusal of the company to defend two suits against him and to pay for damage to his automobile. The correctness of the judgment of the trial court depends upon whether the asserted liability was excluded by the terms of the policy, particularly, the age exclusion clause.

Texas Indemnity Insurance Company issued to A. M. McLelland, as the insured, its policy of automobile indemnity insurance, which became effective on November 15, 1930, and which contained the following provisions here pertinent, to wit:

"This policy is made and accepted subject to the provisions, exceptions, conditions and warranties set forth herein or endorsed hereon. * * *

"Schedule of Perils * * * (J) Collision or upset. (Definition follows.) (K) Property

damage. (Definition follows.) (L) Liability. Legal liability imposed by law upon the assured on account of bodily injuries, including death at any time resulting therefrom, caused by the ownership, maintenance or operation of the automobile described herein, accidentally suffered or alleged to have been suffered while this policy is in force by any person or persons. * * *

"*General Conditions.* * * * Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage, * * * (age limit of driver), (d), in connection with the perils of collision or upset, property damage and liability only, while the automobile described herein is being operated by any person under the age limit fixed by law, or, in any event, under the age of sixteen years.

"*Indemnity for loss.* The company hereby agrees to defend in the name of and on behalf of the assured any suits, even if groundless, brought against the assured to recover damages on account of such happenings as are provided in the property damage and liability peril clauses herein. * * * "

The board of insurance commissioners of the state of Texas promulgated on November 10, 1930, an amendment to the regulations applicable to such policies of insurance, providing as follows, to wit: "*General rules. Exceptions, limitations and additions.* * * * Policies issued to cover public liability and property damage, or employers' liability shall exclude from their coverage any liability of the assured, * * * (c) while being operated by any person under the age limit fixed by law, or under the age of fourteen years in any event."

On December 12, 1930, Randall McLelland, age fourteen, the son of the insured, without the latter's consent and contrary to his instructions, drove the automobile covered by the policy. In the course of that pleasure drive, the car, while being driven by Randall McLelland, was in a collision, and two other children were thereby seriously injured.

Separate suits were instituted on behalf of the injured children against A. M. McLelland seeking to recover damages for the injuries sustained by them. In each case the district court peremptorily instructed the jury to return a verdict in favor of McLelland. The judgment in one case was affirmed by this court. Holland v. McLelland, 72 S.W.(2d) 413. There was no appeal from the judgment in the other case. Thus, both cases were finally disposed of favorably to McLelland.

Texas Indemnity Insurance Company denied any liability under the policy and refused to defend either of the suits against McLelland on the ground that the automobile was being driven at the time of the collision by one under the age of sixteen years.

There is no dispute as to the propriety, reasonableness, or amount of the expenses incurred and paid by McLelland in connection with the defense of the two suits or in connection with the damage to his automobile.

The policy having limited the company's liability, with respect to indemnity for loss or damage from collision or upset, property damage, and public liability, and having excluded from the liability casualties arising while the automobile was driven by any person under sixteen years of age, there was no obligation upon the part of the company to defend a suit against the insured for damages for personal injuries or to pay the insured for property damage to his automobile resulting from a collision or upset of the automobile while being driven by the unauthorized fourteen year old son of the insured. The contract expressly recited that it was made and accepted subject to all of the provisions, exceptions, conditions, and warranties contained in it. The perils for which indemnity was promised were defined. And the general condition was added that the company should not be liable for loss or damage in connection with the defined perils of collision or upset, of property damage, or of liability to others, while the car was being operated by any person under sixteen years of age. These provisions exclude entirely from the liability any of the described perils that might arise while the car was being driven by any one under the specified age. The fact that the fourteen year old son of the insured was unauthorized to drive the car at the time is immaterial for the contract excluded liability if at the time it was driven by "any person" under sixteen years of age. Nor does the clause obligating the company to defend suits against the insured, "even if groundless," enlarge the liability, for the suits so agreed to be defended are immediately described as being those that may be brought against the insured "to recover damages on account of such happenings as are provided in the property damage and liability peril clauses herein." The provisions of the contract are clear and unambiguous. They do not impose, but, upon the contrary, clearly exclude, the liabilities sought to be imposed upon the insurer. Ætna Life Ins. Co. v. Tyler Box & Lbr. Co. (Tex. Civ. App.) 149 S.

W. 283; American Ind. Co. v. Jadge (Tex. Civ. App.) 73 S.W.(2d) 574; Cullen et al. v. Travelers' Ins. Co., 214 Wis. 467, 253 N. W. 382; Fidelity & Casualty Co. v. Palmer Hotel Co., 179 Ky. 518, 200 S. W. 923, L. R. A. 1918C, 808; Interstate Cas. Co. v. Martin (Tex. Civ. App.) 234 S. W. 710; Kilby Car Co. v. Georgia Casualty Co., 209 Ala. 356, 96 So. 319; Maryland Casualty Co. v. Texas Fireproof Storage Co. (Tex. Civ. App.) 69 S.W.(2d) 826; Mitzner et al. v. Fidelity & Cas. Co., 94 Ind. App. 362, 154 N. E. 881; Royal Ind. Co. v. Schwartz (Tex. Civ. App.) 172 S. W. 581; Sears v. Illinois Indemnity Co., 121 Cal. App. 211, 9 P.(2d) 245.

■ The regulation of the state board of insurance commissioners, requiring that policies of indemnity against public liability and property damage shall exclude from their coverage any liability of the insured with respect to the covered automobile while it is being driven by any person under the age of fourteen years in any event, does not require that such a contract shall include liability of the insured as to the automobile while it is being driven by all persons fourteen years of age or older. The provision is one of exclusion, not of inclusion. It requires the policy to exclude risks on an automobile while it is driven by any one under fourteen years of age; it does not require the policy to include risks defined by any fixed age. The policy contract may, therefore, define its liability in this regard by fixing the minimum age at sixteen or any other age above fourteen. The age exclusion clause in this policy was, therefore, unaffected by the regulation of the commission and was valid.

The judgment of the district court is reversed, and judgment is here rendered that appellee take nothing.