ALEXANDER PERSON v. HUBERT D. TYSON AND AMERICAN
FIDELITY & CASUALTY COMPANY, INC.

(Filed 1 March, 1939.)

**Insurance § 44—Insurance on taxicab held to limit liability thereunder to loss sustained while cab was being operated within city limits.**

Plaintiff instituted this action to recover for injury alleged to have been sustained through the negligent operation of a taxicab by the individual defendant a short distance outside the corporate limits of a municipality. The municipality required all taxicabs operating in the city to carry and file with the city manager policies of insurance, and the corporate defendant issued the insurance policy required by the ordinance on the individual defendant's cab. Construing the policy according to its terms, *it is held* the policy does not cover any loss from injury sustained beyond the territorial limits of the municipality, and defendant insurer's demurrer to the complaint was properly sustained, the provisions of the policy with respect to territorial limitations being valid, and there being no law which, read into the contract, would have the effect of modifying its express provisions.

APPEAL by plaintiff from *Bone, J.,* at October Term, 1938, of EDGECOMBE. Affirmed.

*J. M. Alexander and F. S. Spruill (now deceased) for plaintiff, appellant.*

*Clyde A. Douglass and J. M. Broughton for American Fidelity & Casualty Company, Inc., defendant, appellee.*

SEAWELL, J.   The plaintiff brought this action against the defendants to recover damages for an injury alleged to have been sustained through the negligent operation of a taxicab by the defendant Hubert D. Tyson, occurring a short distance outside of the corporate limits of the city of Rocky Mount.   The defendant, American Fidelity & Casualty Company, Inc., demurred to the complaint as not stating a cause of action, for that on the face of the complaint the alleged injury occurred outside the corporate limits of the city of Rocky Mount, and the insurance policy, out of which liability of defendant is alleged to arise, (which was made a part of the complaint), as a matter of law could be made to apply only to an injury received while the taxicab was being operated within the city limits; and because it further appeared that the plaintiff had no cause of action against the defendant at the time this action was instituted, since the policy was one of indemnity only; and that there was a misjoinder of parties.   The plaintiff's appeal is from the judgment sustaining the demurrer.

The defendant Tyson was engaged in the business of operating a taxicab for hire in the city of Rocky Mount and adjacent territory.   An ordinance of the city of Rocky Mount required that every operator of a "jitney bus or taxicab, or other motor vehicle engaged in the business of transporting passengers for hire over the public streets of the city of Rocky Mount, shall furnish to the city manager and keep in effect for each such jitney bus, taxicab, or other such motor vehicle so operated, a policy of insurance  .  .  .  to insure the payment of damages incurred in any one accident for personal injuries resulting from the negligent operation of said automobile," etc.   The ordinance further made it unlawful for any person to operate a motor vehicle for hire within the city of Rocky Mount unless the required policy had been filed.   Pursuant to this ordinance, the defendant American Fidelity & Casualty Company, Inc., issued to Tyson, and filed with the city manager of the city of Rocky Mount, a policy of insurance, a copy of which is attached to and by reference became a part of the complaint, which policy contained certain restricting provisions as to the purpose for which the motor vehicle was to be operated and the territorial limitations of such operation.   These restrictions are contained in "Statement VIII," partly in print and partly in typewriting, and in the paragraph headed "Exclusions" (C).

In filling in the blank spaces provided for the purpose in "Statement VIII," strict regard was not had for grammatical sequence, but we think the paragraph, by transposition of its terms, (which we find necessary and consider legitimate), is fairly clear as to the intention to be gathered from the instrument:

"Statement VIII. The above described automobiles and motor .vehicles are and will be used only for taxi operation within the city of Rocky Mount, N. C., as authorized by the city of Rocky Mount, N. C. (purposes), and will be operated as follows: . . . and this insurance covers no other use or operation."

Awkward as this expression may be, after careful consideration we feel that we must construe it as a limitation upon the territory as to which the Insurance Company undertakes to insure against accident or injury; that is, the insurance contract applies only to accidents or injuries arising out of operation within the territorial limits of the city of Rocky Mount. This intention is made clearer when we examine the other paragraph referred to, "Exclusions" (C): "This policy does not cover any loss resulting or arising from an accident while any of said automobiles are being driven, manipulated or used . . . (6) elsewhere than within the territorial limits as provided." We find nothing in the law which, read into the contract, would have the effect of modifying its express provisions. It must be interpreted according to its terms. *Sanderlin v. Ins. Co.,* 214 N. C., 363; *McCain v. Ins. Co.,* 190 N. C., 549, 130 S. E., 186.

Similar territorial limitations of liability have been sustained. *Smith v. Indemnity Exchange,* 23 P. (2d) (Cal., 1933); *Interstate Casualty Co. v. Martin,* 234 S. W., 710. Policies of insurance covering risks within certain areas and limiting liability thereto are common. *Norris v. China Traders Ins. Co.,* 100 P., 1025 (Wash.); *Youngquist v. L. J. Droese Co.,* 167 N. W., 736 (Wis.); *Indiana & Ohio Livestock Ins. Co. v. Krenek,* 144 S. E., 1181 (Tex.). While the Court is not especially concerned with the reasons leading to such limitations, when the contract is plain, it may be well to observe that the enlargement of the territory may proportionately increase the risk, and the smaller selected territory may, for special reasons, involve less risk. Police supervision and protective ordinances within the territorial limits of Rocky Mount may have been one of the considerations entering into this contract. *Lummus v. Insurance Company,* 167 N. C., 654, 83 S. E., 688.

Since we conclude that the policy does not cover any loss from injury sustained beyond the territorial limits of the city of Rocky Mount, it is unnecessary to consider the other questions raised upon the record.

The demurrer was properly sustained, and the judgment is

Affirmed.